JACKSON
v.
WHEELER.

JACKSON, *ex dem.* LOCKSELL and others, *against* P. WHEELER.

A. entered on the land of B. with his permission, as a mere occupant, without any rent being reserved. B. sold the land to C. under whom A. continued in possession, and afterwards sold all his right, &c. to D., who took possession, and claimed to hold under the deed from A. but this disclaimer of tenancy was subsequent to the demise laid by the plaintiff C., who brought an action of ejectment. It was held, that such a disclaimer was sufficient to dispense with a previous notice to quit; but as it was made after the date of the demise, and no notice to quit was shown, or other determination of the tenancy, so as to prove a right of entry, the plaintiff was nonsuited.

THIS was an action of *ejectment*, for lot no. 79. in *Aurelius.* The several demises were laid on the 1st of *January*, 1805. The cause was tried at the *Cayuga* circuit, in *June*, 1809, before Mr. Justice *Van Ness.*

The plaintiff, after proving the defendant in possession, gave in evidence a deed from *Nathan Wheeler* to *Weston Allen*, for 200 acres of the north part of the lot, dated the 5th of *April*, 1803. About 12 years ago, *Nathan Wheeler* told one *Darius Smith*, that he (*Wheeler*) was owner of the lot, and that *Smith* might go on it, keep possession for *Wheeler*, and improve it, until *Wheeler* should want it; and that if *Smith* did not obtain enough from the land to pay him for his improvements, *Wheeler*, whenever he wanted the lot, would make it up to him. *Smith* accordingly went on the lot, built a log house, cleared and made improvements.

In 1804, *Weston Allen* came on the land, and told *Smith* that he was the owner, and had a deed from *Nathan Wheeler*, and *Smith* offered to surrender the lot; but *Allen* requested him to continue in possession, and that when he should want the land, he would compensate *Smith* for his improvements. *Smith* was to pay no rent. *Smith* continued in possession, until the 4th of *February*, 1806, when he sold all his right in the lot to *Parlee Wheeler*, and gave him a deed of the same, and continued to occupy the premises, as the tenant of *Parlee Wheeler.* *Smith*, who was a witness in the cause, testified that he did not intend to convey more than his improvements to *Parlee Wheeler*, and told him, at the time, that the title was in *Weston Allen*, and of the manner in which he occupied, which facts were well known before to *P. Wheeler.* Soon after, *Smith* informed *Weston Allen*, that

he was about leaving the premises, and requested *Allen*
to come and take care of them. *Allen* came and succeed-
ed *Smith* in the possession, and put one *Satterly* in pos-
session to keep the premises for him. The deed from
*Smith* to *P. Wheeler* was produced, and was a convey-
ance in fee, with warranty.

ALBANY,
August, 1810.

JACKSON
v.
WHEELER.

The defendant's counsel objected to the plaintiff's right
to recover, unless he also proved a notice to quit. The
judge decided, that the defendant was entitled to a notice
to quit, unless the plaintiff would show that the defendant
had disclaimed to hold under the plaintiff, previous to
the time of the demise laid in the declaration. The
plaintiff then produced a witness who testified, that he
heard the defendant say, (but whether before or after
the bringing of this action he could not recollect,) that
he meant to hold the land in spite of *Allen*, under the
deed from *Smith*.

The judge then directed the plaintiff to be called, and
nonsuited, as he had not shown a right of entry in either
of the lessors, at the time of the demise laid in the decla-
ration.

A motion was made to set aside the nonsuit; and the
cause, on the above statement of facts, was submitted to
the court, without argument.

*Per Curiam.* We cannot distinguish this case from
that of *Jackson, ex dem. Livingston*, v. *Bryan.* (1 *Johns.
Rep.* 322.) The disclaimer of the present defendant dis-
pensed with the necessity of notice to quit, but it was af-
ter the date of the demise. At the date of the demise,
the tenant in possession was not a trespasser, for there
was then no determination of the estate, by notice to quit,
or otherwise. His sale in fee to the defendant was sub-
sequent. We are of opinion, therefore, that the plaintiff
was properly nonsuited, for want of showing a complete
right to the possession prior to the day of the demise.

ALBANY,   That was essential.  (*Goodtitle* v. *Herbert*, 4. *Term*
August, 1810.   *Rep.* 680.)   The motion to set aside the nonsuit must be
JAMES   denied.
v.
LE ROY.
Motion denied.