## Case No. 3,265.

COSTIGAN et al. v. WOOD.

[5 Cranch, C. C. 507.]¹

Circuit Court, District of Columbia. Nov. Term, 1838.

EJECTMENT BY VENDOR AGAINST VENDEE IN POSSESSION.

If the vendee of land, who has paid part of the purchase money, enters into possession, and fails to pay the residue according to the contract of sale, although demanded, the vendor cannot maintain ejectment against him without a notice to quit, or a notice that the contracts are rescinded, or a demand of payment and notice of rescinding.

Ejectment for lot No. 1, in square 882, in the city of Washington.

The defendant [Henry S. Wood] claimed under a contract of sale, upon which he had paid sixty-three dollars, and taken possession of the lot, but failed to pay the residue, long since due, and unpaid at the time of the demise from the lessor of the plaintiff [Joseph Costigan], although demanded.

¹ [Reported by Hon. William Cranch, Chief Judge.]

Mr. Bradley, for defendant, moved the court to instruct the jury, in effect, that the plaintiff cannot recover without a notice to quit, or a notice that the contract of sale was rescinded, or a demand of payment, with notice of rescinding.

THE COURT (CRANCH, Chief Judge, contra) gave the instruction.

The plaintiff then gave such a notice, and had a verdict in his favor.

Mr. Bradley, for defendant, cited Jackson v. Rowan, 9 Johns. 330; Jackson v. Wheeler, 6 Johns. 272; Shepard v. De Bernales, 13 East, 565.

R. J. Brent, for plaintiff, cited Smith v. Stewart, 6 Johns. 45; 1 Saund. Pl. 565.

In the cases cited from 9 Johns. 330, and 13 East, 565, the defendant was lawfully in possession, and in no default; so, also, in the case of Jackson v. Wheeler, 6 Johns. 272. See Smith v. Stewart, Id. 46, and the cases cited in the margin of that case (3d Ed.).