refused afterwards to pay the rents according to the contract. The plaintiff gave him notice to quit. No special demand for payment of this rent seems to have. been made; nor was it necessary, for the open and repeated denial of the plaintiff's title made under oath, and continued even in this proceeding, waived the necessity of so useless a proceeding. The tenant having disclaimed the title of the landlord and his own relation of tenant, cannot invoke the protection and advantages of that relation.

The defendant's answer expressly makes this denial of title and holding the possession as tenant, or that plaintiff was entitled to the possession, and this denial seems to have been consistently made by him throughout.

The effect of this denial was to make the defendant a trespasser. He was not entitled to notice to quit. Whenever he assumed to hold in defiance of the plaintiff's title, the plaintiff was authorized to maintain his action for the recovery of the premises, and he could not set up the denial of the title and then claim the benefit of holding in subordination to it. (Taylor's Land. & Tenant, 309; 6 Johns. 272; 3 Johns. 422.)

We think, on the facts, the plaintiff was entitled to judgment, and the cause is remanded that it may be entered.

---

## SMITH v. OGG SHAW (No. 2655).

THIS case determined upon the principles of the preceding case.

APPEAL from the Twelfth District.

This case is substantially the same as the preceding one. The defendant was in possession under a lease for a year ending on the twenty-sixth day of September, 1858, at a rent of six dollars and twenty-five cents per month, payable in advance. October 26th, 1858, defendant, then in possession, refused to pay rent and disclaimed holding as plaintiff's tenant. December 23d, 1858, plaintiff sued defendant for rent due under the lease for October and November, and obtained judgment, which was paid. December 30th, 1858, plaintiff served on defendant notice to quit, on the ground that the lease had been forfeited for non-payment of rent reserved. Defendant refused to give up possession,

and retained possession up to suit brought.    Action commenced March 24th, 1859.

Judgment for defendant.    Plaintiff appeals.

*Parker and Waterman,* for Appellant.

The collection of rent for October and November waived the forfeiture and renewed the tenancy for another year upon the same terms.· (Taylor's L. & T. 13, 33, 35, 305, 306, 312, 380.)    Six months' notice to quit is necessary.    (Taylor's L. & T. 311, 312; Adams on Eject. 143, 170, 366, 182, note 2, 702.)

*D. W. Perley,* for Respondent.

Denial of plaintiff's title was a forfeiture of the lease, and notice to quit was unnecessary.

1.  A lease is like any other contract; where it is made for a definite period, and the period has elapsed, the whole estate of the tenant is absolutely determined; it cannot be extended by implication, and no notice to quit is necessary.    If the tenant holds over, the landlord being entitled to possession may at once bring his ejectment.    (Taylor, sec. 465, 304, and authorities cited ; 2 Platt, and authorities cited, 517.)

2.  Where a tenant receives no notice to quit, and holds over after his lease has expired, he does not become a tenant from year to year, but a tenant at sufferance.    The doctrine from year to year arose out of the English policy concerning agricultural leases.    The lessor could not determine the estate after the tenant had sown and before he had reaped, so as to prevent the necessary egress and regress so as to take away the emblements.    (*Jackson* v. *Bradt,* 2 Caine's, 169.)    Nor could the tenant before the period of payment had arrived determine the estate so as to deprive the landlord of his rent.    (Taylor's L. & T. 33.)

This doctrine of tenancy from year to year has no applicability to city property, and the common law doctrine is radically altered in this State by the custom of paying rents monthly in advance, and by the express letter of the contract to that effect.    (See opinion of Duncan, J. in *Logan* v. *Heon,* 8 S. & R. 471.)

In agricultural leases the rent was payable annually.

By holding over after the expiration of his term the lessee becomes a tenant at sufferance.    He does not thereby necessarily become a tenant from year to year.    (2 Platt, 521 ; *Sinking* v. *Ashust,* 1 Exch. R. 260 ; *Waring* v. *King,* 8 Mees & W. 523 ; 2 Serg. & R. 49 ; 5 Johns. 128.)

---

Smith *v.* Ogg Shaw.

---

Tenancy by sufferance is where a man comes into possession by a lawful title, but holds over by wrong after the determination of his interest, and he is not entitled to notice to quit, for he holds by the laches of the landlord, who may reënter and put an end to the tenancy when he pleases. (Taylor's L. & T. 38, 39.)

If any notice whatever was required in this case, three days' notice was sufficient. (*Garbrell* v. *Fitch*, 6 Cal. 189.)

It was also held, in case of a tenant at will holding over after the lease had expired, three days' notice to quit was all that was required.

This action was commenced March 14th, 1858. The defendant had two and a half months' notice to quit.

Where the rents are payable monthly, in no case can any longer than a month's notice be required. This notice, then, if any was required, determined the tenancy on the thirtieth of January, 1859.

As to forfeiture, on the twenty-sixth of October, 1858, the defendant refused to pay rent and denied his landlord's title. This act instantly worked a forfeiture of all rights as a tenant. (2 Platt, 494; Taylor's L. & T. 320–331, and authorities cited.) And plaintiff had a right to bring his action of ejectment. (Taylor's L. & T. 485.)

It is admitted by defendant that this act did work a forfeiture, but he sets up facts which he alleges amount to a waiver, viz: suing for the two months' rent from the first day of October.

But the objection is not tenable, for there is a continuing cause of forfeiture, and when there is a continuing cause of forfeiture, the landlord is not precluded from taking advantage of it by receiving rent which accrued after the breach originally committed. (Taylor's L. & T. 330.)

In case of forfeiture by disclaiming the landlord's title, no notice to quit is necessary. (2 Platt on L. 446.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The facts are similar in this case to those in the case (2656) between the same parties; and the same judgment will be entered in this as in the other case.

Ordered accordingly.