Salmon v. Symonds et als.

FRANCIS SALMON v. ALFRED SYMONDS, S. D. HATH-
AWAY, A. W. THOMPSON, JOHN J. ELLIS, S. R.
DICKEY, WM. D. BLISS, PETER SHELFORD, N.
GREY, O. B. MATHEWS, J. F. EATON, GEORGE
GANLIE, H. H. RALSTON, J. JAQUES, E. MULLEN,
G. GILL, AND A. J. MAYFIELD.

POSSESSORY ACTION—PLEADINGS IN.—A complaint in a possessory action to recover
land, which avers an ownership and seizure in fee in the plaintiff of the demanded
premises, and an ouster by the defendant on a day named, before the commence-
ment of the action, is sufficient, without the further averment that the plaintiff
is the owner in fee at the commencement of the action.

APPEAL from the District Court, Seventh Judicial District,
Sonoma County.

The facts are stated in the opinion of the Court.

*John Currey*, for Appellant.

The plaintiff in ejectment must show that he has such an
interest in the demanded premises as entitles him to the pos-
session thereof, and that at a time anterior to the commence-
ment of the suit the defendants entered and ousted him
therefrom, and have from thence continued to withhold the
possession thereof from him.

In the State of New York, the use of fictitious names of
plaintiffs and defendants, and the names of any other than the
real claimants and real defendants, and the statement of any
lease or demise to the plaintiff, and an ejectment by a casual
or nominal ejector, was abolished by statute, (2 R. S. 304, §6,)
and in that State, as well as in this, an action of ejectment
must be prosecuted in the name of the real party in interest.
In New York, before the adoption of the code of that State,
as well as since, the forms of complaint in ejectment which
stood the test of the judgments of their highest Courts, as to
the question involved in this case, are, in substance and effect,
the same as the complaint in the case at bar.

In Yates' Pleadings and Practical Precedents, 481, 482,
the stating part of the declaration is in the following form:

Salmon *v.* Symonds *et als.*

"For that whereas the said plaintiff, on the —— day of ——, in the year ——, was possessed of a certain dwelling house and garden, [describing the premises,] and the said plaintiff being so possessed thereof, the said defendant, afterwards, to wit, on the —— day of ——, in the year ——, entered into said premises and ejected the plaintiff therefrom, and unjustly withholds from the plaintiff the possession thereof, to the damage of the plaintiff of —— dollars, and therefor he brings his suit." (See, also, 1 Humphrey's Precedents, 26, 27; also, the declaration in *Sigler* v. *Van Riper*, 10 Wend. 415, and what the Court say of it, at pp. 417, 418.)

In 2 Van Sanford's Pleadings and Forms, under the New York Code, the form given for a complaint in ejectment is, after the title of the case, as follows: "The plaintiff complains of the defendant, and states the following facts constituting his cause of action: That on and after the 25th day of October, 1828, he was lawfully possessed of the premises and land hereinafter described, in the Town of Greenbush, County of Rennsalaer, claiming to hold the said premises in fee; and being so possessed, the defendant, afterwards, to wit, on or about the *first* day of January, 1840, entered into such premises, and that he unlawfully withholds from said plaintiff the possession thereof, to the plaintiff's damage of one hundred dollars." Then follows a description of the premises and a prayer for their recovery. (See, also, Abbott's Forms, 357; *St. John* v. *Pierce*, 22 Barb. 363; *Garrison* v. *Sampson*, 15 Cal. 93; *Boles* v. *Cohen*, 15 Cal. 151; *Coryell* v. *Cain*, 16 Cal. 569.)

*Wm. D. Bliss* and *A. W. Thompson*, for Respondents.

The respondents, in support of the decision of the Court below, rely upon the following very simple propositions:

I. A plaintiff in ejectment must have title to the land sued for at the time of bringing his action. (*Burton* v. *Austin*, 4 Vermont, 105; *Caroll* v. *Norwood*, 5 Har. & J. 155, cited in Adams on Ejectment, p. 43, note; *Payne* v. *Treadwell*, 16 Cal. 243.)

Salmon v. Symonds *et als.*

Under the old practice in ejectment, the plaintiff declared on a lease for a term which had not expired when the suit was brought. (Chitty's Pleadings, Vol. 2, p. 879.)

II. The defendants may defeat the action by showing that though plaintiff had title at the time of the ouster, he has conveyed it away before bringing his action. (*Alden* v. *Grove*, 18 Penn. 377; *Cresap* v. *Hutson*, 9 Gill. 269; *Torrance* v. *Betsey*, 20 Miss. 129.)

III. A complaint should state every fact essential to the plaintiff's recovery in the action; and every fact which, if controverted by defendants, the plaintiff would be obliged to prove in order to maintain the action. (*Green* v. *Palmer*, 15 Cal. 416; *Jerome* v. *Stebbins*, 14 Cal. 458; Gould's Pleadings, 47, 49.)

IV. If the complaint does not state all the essential facts, the defendants are not obliged to answer, but may demur. (Gould's Pleadings, 46; *Green* v. *Palmer*, 15 Cal. 416, and the treatise on the New York Code there cited.

V. Every pleading is taken most strongly against the pleader, and most favorably for his adversary. (Gould's Pleadings, 155; Chitty's Pleadings, Vol. 1, p. 237.)

VI. The statement that the defendants " unlawfully withhold," does not help out the complaint. It is a mere conclusion of law. If the plaintiff was not the owner, the withholding of the defendants, whether lawful or unlawful, gave him no cause of action. (*Payne* v. *Treadwell*, 5 Cal. 311.)

The appellant confounds the rules of evidence with the rules of pleading. He alleges that he was seized on the *first* of January, and asks the Court to presume, from that allegation, the fact that he was seized on the *tenth* of January.

If he really was seized on the day of bringing his action, this was the *ultimate* (*Green* v. *Palmer*) essential fact in his case, and should have been distinctly alleged. Instead of alleging this *ultimate* fact, he alleges a *probative* fact—the seizin on the *first* of January. If he had, in his pleadings, *alleged* the ultimate fact, he might, on the trial, have *proved* it, by showing the probative fact.

The presumption would then be in his favor; now it is against him. Presumptive *pleading* is not allowed in any Court. Presumptive *evidence* is relied upon in the trial of almost every cause.

*Currey*, for Appellant, in reply.

The Respondents' counsel say :

1. " A plaintiff in ejectment must have title to the land sued for at the time of bringing his action."

To sustain this truism they cite cases, among which is *Burton* v. *Austin*, 4 Vermont, 105. In that case the Court also say the plaintiff must have title *when the action is tried.* According to respondents' theory, the essential fact of title in the plaintiff, *at the time of trial*, should be alleged in the complaint.

2. " The defendants may defeat the action by showing that, though plaintiff had title at the time of the ouster, he has conveyed it away before bringing his action."

This is true. But how can they show this ? By demurrer— because the plaintiff may not have averred in his complaint that he had not so conveyed the premises before bringing the action ? Or, is this defense to be averred and proved by the defendants ?

If the plaintiff had title on the *first* day of January, 1863, and was *then* ousted by the defendants, as is admitted by the demurrer, then, according to the *essential predicate* of the respondents' second proposition, above quoted, the burden was on defendants to show that plaintiff had so conveyed away the premises before the bringing of the action.

3. " A complaint should state every fact essential to the plaintiff's recovery in the action; and every fact which, if controverted by defendant, the plaintiff would be obliged to prove in order to maintain the action."

This proposition is not, critically, correct. If it were necessary for plaintiff to produce in evidence a grant by patent from the Government, to establish his right to recover, a state-

ment in the complaint of the existence of the grant or patent would not be essential or proper.

The allegation in the complaint that on the first day of January, 1863, the plaintiff was seized, as owner in fee, of the premises, and that afterwards, to wit, on the same day, the defendants entered and ousted him, and from thence hitherto have unlawfully withheld and still so withhold the premises from him, is a statement of every essential fact *entitling* the plaintiff to recover ; and these facts admitted, or proved, though the action might not be commenced until six months after the day mentioned, would entitle the plaintiff to a judgment for the recovery of the possession of the premises. If the defendants had made default, and judgment had been entered for plaintiff against them, could the judgment be reversed because the complaint did not state facts sufficient to constitute a cause of action? No lawyer, I apprehend, would so pretend ; and yet, if the defendants' position were tenable, such a judgment could not be maintained for a moment. The demurrer interposed was a general demurrer, and seems to have been intended for delay—and in this the defendants have succeeded undoubtedly beyond their original expectations.

It is unnecessary to notice respondents' 4th and 5th points.

The respondents' counsel further say :

6. "The statement that the defendants 'unlawfully withhold,' does not help out the complaint. It is a mere conclusion of law. If the plaintiff was not the owner, the withholding of the defendants, whether lawful or unlawful, gave him no cause of action."

If the complaint was infected with the infirmity alleged on the part of the defendants, then the averment that defendants unlawfully withhold the premises from plaintiff would help out the complaint, because such averment is of a fact that could not exist independent of plaintiff's right to the possession of the premises.

Is the statement that " defendants have from thence hitherto unlawfully withheld and still so withhold said premises from

plaintiff," a conclusion of law? Is the word *unlawfully* objectionable as a conclusion of law? If it is, expunge it. But this allegation is not a conclusion of law, but is an averment of a fact.

It is said: "If the plaintiff was not the owner, the withholding of the defendants, whether lawful or unlawful, gave him no cause of action." Do not respondent's counsel overlook the fact that the demurrer *admits* that plaintiff *was the owner in fee simple*, and lawfully seized of the premises, and that defendants ousted him, and withheld the premises from him, as alleged in the complaint?

By the Court, RHODES, J.

Salmon sued Symonds and others, in ejectment, to recover the possession of a portion of the Rancho Roblar de la Miseria, situated in the County of Sonoma. In his complaint, he alleges that on the first day of January, 1863, he was "the owner in fee simple and lawfully seized of" the tract of land described in the complaint, and says "that while he was so the owner and seized of said piece and parcel of land above described, to wit: on the day and year first aforesaid, the defendants unlawfully entered into and upon the same land and ousted the plaintiff therefrom," and that the defendants still withhold the same, to his damage, etc., and he concludes with the usual prayer. The complaint was filed January 10th, 1863. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. In two of the demurrers other grounds were assigned, but they are not well taken, and are not urged in this Court. The demurrers were sustained, with leave to the plaintiff to amend his complaint, "upon the payment of twenty dollars for each demurrer, within two days, under the rule;" and the plaintiff refusing to amend, final judgments were entered for the defendants for costs.

The plaintiff appeals, and relies for error upon the order sustaining the demurrer.

The defendants, in support of their demurrer, urge that the

34

complaint does not allege that the plaintiff was the owner of the land at the time of bringing the action, or was seized after the 1st day of January, 1863.

It is usual to allege, in addition to the statement of seizin or ownership in fee at the time of the ouster, that the plaintiff was seized or the owner in fee at the commencement of the action; but this is not necessary. In *Payne & Dewey* v. *Treadwell*, 16 Cal. 242, the allegations that are necessary in a complaint in ejectment were fully considered by Mr. Chief Justice Field, who, in that case, rendered an elaborate opinion upon a review of the cases in this State and in New York; and after stating that it is the ultimate fact, not the prior or probative fact—or, in other words, the evidence—that must be alleged, he says: "It is sufficient, therefore, in a complaint in ejectment for the plaintiff to aver, in respect to his title, that he is seized of the premises, or of some estate therein, in fee, or for life, or for years, according to the fact." A fee simple is an estate of perpetuity, a pure inheritance, clear of any qualification or condition.

The demurrer admits the seizure in fee at the time of the ouster, and being once admitted, it is presumed to continue until a disseizin is proved; and it being unnecessary to allege a presumption of law arising from that fact, the plaintiff is not required to aver that he still continues seized as the owner in fee.

It is therefore ordered that the judgments be reversed and the case remanded, with directions to the Court below to overrule the demurrers, with leave to the defendants to answer the complaint upon the terms prescribed by the rules of said Court.

Mr. Justice CURREY, having been of counsel for Appellant, did not sit upon the trial of this case.