B. DEPUY AND JOSEPH MILTON *et als.* v. JOHN WILLIAMS AND PAUL NEWMAN *et als.*

ABANDONMENT OF MINING CLAIM.—The failure to perform the amount of work on a mining claim required by the local mining laws or regulations established and in force in the district where the claim is located, amounts to an abandonment of the claim, and thereupon   may be occupied and appropriated by another.

COMPLAINT IN EJECTMENT.—A complaint in ejectment should not state the evidence, but only the ultimate facts constituting the cause of action.

EVIDENCE IN EJECTMENT.—Evidence offered by the plaintiff in an action of ejectment should not be rejected because not set forth in the complaint.

WHEN EJECTMENT DOES NOT LIE.—A party who has a right of entry upon lands, and who has entered by force or fraud, cannot be turned out of possession by an action of ejectment.

RIGHT OF ENTRY UPON LANDS.—Where one has the right of entry upon lands, that right cannot be impaired by any fraud, misrepresentation, or collusion, practiced by him to obtain possession.

EVIDENCE IN EJECTMENT.—In the trial of an action of ejectment it is not error for the Court to refuse to allow plaintiff to prove that defendants obtained possession of the land by collusion with one of plaintiffs, or with one who had no right of entry.

FRAUD.—An action founded upon a fraud cannot be maintained by a party to the fraud.

ADMISSION OF TESTIMONY.—If the ruling of the Court on the admission of testimony is right when made, it cannot be rendered erroneous by testimony afterwards introduced.

APPEAL from the District Court, Sixteenth Judicial District, Calaveras County.

This action was commenced May 18th, 1863. The complaint charges the ouster to have taken place February 28th, 1863. The property sued for was a mineral lode, alleged to contain gold, silver, and copper, eighteen hundred feet in length.

The mining laws of the district required a claim to be worked one day in thirty, from May 1st to November 1st of each year. Defendants set forth in their answer a copy of the mining laws, and plaintiffs also introduced a witness by whom they were proven. Defendants entered after plaintiffs had failed to fulfil this clause in the laws.

The other facts are stated in the opinion of the Court.

*Caleb Dorsey,* and *H. P. Barber,* for Appellants.

This is an action of ejectment, and it was not necessary, nor even proper (*Payne & Dewey* v. *Treadwell,* 16 Cal. 242) for plaintiffs to set forth anything more than that they were entitled to possession, and that defendants had wrongfully deprived them of it.

The complaint alleges that plaintiffs were the owners, and

in possession of the claim until the 28th of February, 1863, "when the said defendants, against the will and consent of plaintiffs, entered into and upon said ground, and took possession thereof, and evicted plaintiffs therefrom, and have since continued to hold possession thereof, and refuse to surrender the same."

It was immaterial *how* defendants got into possession, if that possession were obtained wrongfully—*any* evidence tending to show a *wrongful* possession on their part was admissible, no matter *how* they obtained it. Milton was a tenant in common with the other plaintiffs, and if by fraud and collusion with him the defendants entered and *evicted* plaintiffs, it was a tortious ouster—the very gist of an action of ejectment.

The theory of defendants and that of the Court is, that it was necessary for us to set out all these special circumstances in pleading. This is directly contrary to the case of *Payne & Dewey*, and would involve us in the difficulty of *Eagan* v. *Delaney*, 16 Cal. 85, where a party who *did* set forth his title specifically was not allowed to prove any other.

In the present case the mining laws required the claim to be worked once in thirty days from May 1st to November 1st. We proved a compliance with this by the witness Partosi, until about the first of September, when he left Milton, a co-tenant, in possession of the claim for plaintiffs.

We offered to prove that immediately after, Milton, instead of keeping up the claim for his co-tenants, or simply abandoning the same, by *fraud and collusion with defendants* permitted them to "jump," or take possession of the claim as their own, and *evict* plaintiffs. Had he simply abandoned the claim, of course defendants would have had the right to enter; but their alleged *collusion* with him for the purpose of thus fraudulently obtaining the claim and ousting plaintiffs, made their entry *wrongful*, and entitled us to a recovery, if the alleged collusion were proven. The law will not permit parties thus to obtain the property of others by fraud, which vitiates everything; and in ejectment all we were required to

allege was their wrongful entry, and then, *as matter of evidence,* proving that entry wrongful, *because* fraudulent.

We are suing at common law for the possession of this ground. If the defendants obtained the possession fraudulently, they obtained it wrongfully; and any facts going to show a wrongful possession by them are admissible in evidence, without being specially set forth in the complaint. So the common count for money had and received, may be maintained for money obtained by fraud. (*Dana* v. *Kemble,* 17 Pick. 545.)

It is difficult to conceive how evidence of a collusion can have any bearing upon the case in any view that may be taken of it.

The fact that defendants were in the possession was admitted by the answer, while the complaint charges and the answer admits that defendants did not enter until the 28th of February, 1863, which was the date of their location. Whether they entered at this time with or without the consent of the plaintiffs, or either of them, could make no difference, because the possession is charged, admitted, and proved to be adverse; and because all the plaintiffs' right at this time, under the fifth article of the mining laws, had been forfeited by their failure to comply therewith, and the claim was open to entry by other parties; therefore, if at this time, (the 28th of February, 1863,) the right of plaintiffs had lapsed, ceased, and determined, neither one of them, by objecting to defendants' entry, could have restrained them. Neither could the consent that defendants might go into possession confer any right thereto, or impose any obligation upon them. It is beyond comprehension how the plaintiffs, without right to the claim on their part, could give anything by saying to the defendants, we have no objection; take this claim and do as you please with it.

In the case of *Copper Hill Company* v. *Spencer No.* 2, 25 Cal. 18, the same kind of a question was raised on the appeal from a judgment of *nonsuit*—that the defendants' possession was not adverse; but Mr. Justice Sawyer said: " The appel-

lant insists that the question as to the adverse possession should have been submitted to the jury. The plaintiffs' testimony clearly shows that the possession was adverse. The motion for nonsuit was made upon the close of plaintiffs' testimony. It was not necessary to submit the question to the jury.

By the Court, Rhodes, J.

Ejectment to recover a mining claim. The plaintiffs were in the actual possession up to about August, 1862. The defendants were in possession at the commencement of the action, and for their defense they rely mainly on the ground that the plaintiffs, before the entry of the defendants, abandoned the mining claim by failing to work it, according to the local mining laws. The Court below ordered a nonsuit of the plaintiffs on that ground.

The plaintiffs' counsel does not controvert the view of the Court below, that a failure to perform the amount of work on the mining claim that is required by the local mining laws or regulations, amounts to an abandonment of the claim, and that thereupon the claim may be occupied and appropriated by another. But he relies upon a single point for the reversal of the judgment, which is the refusal of the Court to permit him to prove " that plaintiff Milton colluded with the defendants to get possession of the claim in dispute, and that it was by such collusion that defendants got into possession of plaintiffs' claim." The respondents objected to the evidence, on the grounds, " 1st. That the same parties cannot be shown to be plaintiffs and defendants in the same action; and 2d. That it is irrelevant and inadmissible under the pleadings, as the complaint charges no collusion between plaintiffs and defendant." If a plaintiff has in fact sued himself, we think it would be reasonable and proper, though we find no direct authority to the point, that he should be permitted to prove that he fills two of what Blackstone defines as the constituent parts of a Court—the *actor and reus*—for the purpose, if for no other,

40

of satisfying the third constituent part of the Court — the *judex*—of a fact that would not be credited without the most ample proof. But, be this as it may, the objection is not relevant to the evidence offered. The learned Judge of the Court below was in error in sustaining the objection on the second ground, for it was not requisite that the fact of collusion should have been alleged in the complaint to entitle it to be proven. If it had been alleged, the complaint would have been liable to the objection, that it stated the evidence, instead of the ultimate facts of the cause of action. We can add nothing to the lucid opinion of Mr. Chief Justice Field, in *Payne & Dewey* v. *Treadwell,* 16 Cal. 242, that will serve more clearly to point out the allegations that are necessary in an action of ejectment.

But the decision excluding the evidence, may be sustained on other grounds. A party who has a right of entry upon lands, and who has entered by force or fraud cannot be turned out of possession by the action of ejectment. If he possesses the right of entry, it is not impaired by any fraud, false representation or collusion practiced by him upon one having no right of possession. And so, if he is rightfully in possession, he will not be put out of possession, though he may have gained an entry by any species of collusion. The *wrongful* entry and the *wrongful* withholding of the possession, is, in ejectment, nothing more than the entry upon the possession of the plaintiff and the withholding the possession from him, *without lawful right* so to do. They are not made, in a legal sense, any more wrongful, in an action of ejectment, by superadding to them fraud or collusion. If the defendant has no right to the possession, as against the plaintiff, the plaintiff's cause of action is not, in the least degree, strengthened by proof of the fraudulent acts of the defendant in acquiring the possession. He may safely rest upon proof of his legal title to the possession, and the fraud or collusion of the defendant is immaterial. It is quite unusual, and we think unsustained by principle or authority, for a number of plaintiffs to found their claim to relief upon the fact that one of their number

had combined and colluded with others to defraud his co-plaintiffs.  An action founded upon such a state of facts, could not be maintained by a party to the fraud except in violation of the maxim of universal application, that a party cannot take advantage of his own fraud.

If Milton occupied such a relation to the claim, by agreement with his co-tenants, that he could, by his acts or neglect, divest them of the right of possession, then it might be material to inquire into his acts of fraudulent collusion with the defendants, by which an apparent abandonment of the claim resulted, for the purpose of showing that they had not voluntarily, or in fact, abandoned the claim.

At the time plaintiffs offered to prove that Milton colluded with the defendants, that they might get possession of the claim, no evidence had been offered tending to prove that any arrangement or agreement had been made between Milton and the other plaintiffs, by which he was to hold the claim, or do any act for them or on their account, nor did they propose to prove in connection with the testimony then offered, that any such arrangement or agreement had been made.  Unless such proof had been made, or was proposed to be made, the fact of the collusion of Milton with the defendants was immaterial and the ruling of the Court was correct.  The decision of the Court being correct at the time it was made, proof subsequently made, completely establishing an agreement, by which Milton was to hold the possession of the claim for the plaintiffs, and perform the necessary amount of work, and do all the acts that were requisite under the mining laws, to enable them to continue to hold and own the claims, would not have the effect of rendering the decision erroneous.  The decision was right when given, and therefore will be sustained on appeal.

Judgment affirmed.