[S. F. No. 262.   Department One.—May 25, 1896.]

## CAROLINE E. McCARTHY, Respondent, v. MRS. J. L. BROWN, Appellant.

Findings — Ultimate Facts. — Findings should state the ultimate facts pleaded, and not probative facts, and findings which follow the pleadings in the statement of ultimate facts are sufficient.

Id.—Ejectment—Finding as to Ouster—Surplusage—Conclusions of Law.—In an action of ejectment a finding that the defendant ousted the plaintiff is the finding of an ultimate fact; and a further finding that at a specified date the defendant ousted and ejected the plaintiff from the premises in controversy, and wrongfully and unlawfully withheld said possession from plaintiff, is a sufficient finding as to the fact of ouster and withholding of possession, the qualifying words " wrongfully and unlawfully" being harmless surplusage, nor is such finding of fact impaired by its having been placed under the heading of conclusions of law.

Id.—Landlord and Tenant—Tenancy at Will—Notice to Quit—Denial of Title.—Where the averments of seisin and right of possession in the plaintiff in an action of ejectment are denied in the answer, and a distinct claim of ownership by the defendant is therein alleged, the defendant, having disclaimed the plaintiff's title, cannot invoke the protection and advantages of the relation of landlord and tenant, or insist that he was in possession as a tenant at will, and was entitled to service of notice to quit; but the effect of the denial of plaintiff's title is to make the defendant a trespasser, and he is not entitled to notice to quit.

Id.—Finding as to Right of Possession—Wrongful Withholding.— Findings which show a paramount source of title, with mesne conveyances to plaintiff therefrom, antedating the commencement of the action, discloses title in the plaintiff, carrying with it the right of possession, and the withholding of the possession from one who is seised of the premises is presumptively adverse to his right and is wrongful.

Appeal from a judgment of the Superior Court of Mariposa County.   John M. Corcoran, Judge.

The facts are stated in the opinion.

*J. J. Trabucco,* and *James F. Peck,* for Appellant.

Where a material fact is not found the judgment will be set aside upon appeal.  (*Traverso* v. *Tate,* 82 Cal. 170; *Estate of Langan,* 74 Cal. 353.)   In order to justify a judgment of ejectment, facts must exist, and be found in the findings, which show as a matter of law that plaintiff is entitled to the possession of the premises.  (*Sauer* v. *Meyer,* 87 Cal. 34; *Hestres* v. *Brennan,* 37 Cal. 385; *Meeks*

v. *Kirby*, 47 Cal. 168.)    As defendant was a tenant at will and rightfully in possession until notice given, there should have been a finding as to notice to show that the holding of possession had become wrongful.    (Civ. Code, sec. 789; *Frisbie* v. *Price*, 27 Cal. 253.)    Facts not found are presumed not to exist.    (*West Coast Lumber Co.* v. *Newkirk*, 80 Cal. 275.)    The findings, "and ever since the eleventh day of December, 1890, wrongfully withheld possession," and "that on the eleventh day of December, 1890, the defendant's possession for the first time became adverse to plaintiff," and "and by her acts at that date she ousted the plaintiff from possession," are all conclusions of law.    (*Paulson* v. *Nunan*, 64 Cal. 290; *In re Langan, supra; Caperton* v. *Schmidt*, 26 Cal. 495; 85 Am. Dec. 187; *Payne* v. *Treadwell*, 16 Cal. 222; Thompson on Trials, par. 1412; *Smith* v. *Doe*, 15 Cal. 101.)

*F. H. Gould*, and *J. H. Rogers*, for Respondent.

If the complaint states a cause of action, as the court has determined in this case it does, it is sufficient to find as a fact that the allegations of the complaint are all true.    (*McEwen* v. *Johnson*, 7 Cal. 260.)    It is not necessary for the court in its findings to present the result of last analysis.    The facts to be found and to be pleaded lie in the same plane.    (*Hihn* v. *Peck*, 30 Cal. 286.)    The fact that a finding of facts is called a conclusion of law does not make it one, and if findings of fact are found among conclusions of law, and there is a conclusion of law supported thereby, the judgment cannot be overturned. (*Jones* v. *Clark*, 42 Cal. 192; Hayne on New Trial and Appeal, sec. 242; *Brenner* v. *Liverpool etc. Ins. Co.*, 51 Cal. 107; 21 Am. Rep. 703; *Edwards* v. *Sonoma Valley Bank*, 59 Cal. 148; *Meek* v. *McClure*, 49 Cal. 626.)    The allegations in this state to maintain ejectment are the title of plaintiff and possession by defendant.    (*Payne* v. *Treadwell*, 16 Cal. 220; *Haight* v. *Green*, 19 Cal. 118; *Salmon* v. *Symonds*, 24 Cal. 266; *Depuy* v. *Williams*, 26 Cal. 314.) Defendant cannot disavow her tenancy, dispute her landlord's title, and still demand her notice to quit.    (*Conner*

v. *Jones,* 28 Cal. 60; *Smith* v. *Ogg Shaw,* 16 Cal. 88; *Dodge* v. *Walley,* 32 Cal. 225; *Bolton* v. *Landers,* 27 Cal. 104; *Sampson* v. *Applegate,* 75 Cal. 345.) The fact appears positively from defendant's own pleading, and is therefore admitted. Facts that are admitted should not be found. (*Phelan* v. *Gardner,* 43 Cal. 306; *Hall* v. *Arnott,* 80 Cal. 348.) An averment of ouster is not a conclusion of law. (17 Am. & Eng. Ency. of Law, 289; *Smith* v. *Doe,* 15 Cal. 101; *Boles* v. *Cohen,* 15 Cal. 151; *Garrison* v. *Simpson,* 15 Cal. 93; *Boles* v. *Weifenback,* 15 Cal. 144.) The word "wrongfully," in the allegation "defendant wrongfully withheld possession of the said land," is harmless surplusage. (*Payne* v. *Treadwell, supra.*) Immaterial findings should be disregarded. (*Melone* v. *Del Norte County,* 77 Cal. 217; *Robarts* v. *Haley,* 65 Cal. 402; *McCourtney* v. *Fortune,* 42 Cal. 387; *Porter* v. *Woodward,* 57 Cal. 535.)

VANCLIEF, C. — Ejectment. Judgment for plaintiff. Appeal from judgment on judgment-roll.

Appellant claims that the findings do not support the judgment, because: 1. The finding (No. 16) that defendant "ousted the plaintiff" is a conclusion of law, in that it does not find the facts constituting the ouster; 2. That there is no finding "that plaintiff, at the time of commencing the suit, was entitled to the possession" of the demanded premises.

1. In the case of *Smith* v. *Mohn,* 87 Cal. 497, it was said: "They [findings] should be statements of the ultimate facts, and not of the probative facts. (*Mathews* v. *Kinsell,* 41 Cal. 512.)"

In *Hihn* v. *Peck,* 30 Cal. 286, the court said: "It has been uniformly held that it is not necessary for the court in its findings to present the results of last analysis, but, on the contrary, that it would be sufficient if the court found the facts entering as terms into the legal proposition upon which the prevailing party based his right of recovery. The 'facts' which the court is to find, and the 'facts' which a pleader is to state, lie, ac-

cording to the decisions in this state, in the same plane —that is, in both connections, facts are to be stated according to their legal effect."

In *Murdock* v. *Clarke*, 90 Cal. 435, the court said: "A finding which follows the pleading is sufficient. In this, as in other cases, it is sufficient to find the ultimate facts."

Therefore, to determine the sufficiency of a finding of fact, it is only necessary to ascertain what statement of that fact is required in the pleading.

In *Payne* v. *Treadwell*, 16 Cal. 243, the court said: "Now, what facts must be proved to recover in ejectment? These only: that the plaintiff is seised of the premises, or of some estate therein, in fee, or for life, or for years, and that the defendant was in their possession at the commencement of the action. . . . . It is the ultimate facts—which could not be struck out of a pleading without leaving it insufficient—and not the evidence of these facts, which must be stated."

In *Garrison* v. *Sampson*, 15 Cal. 95, proof of holding over of premises by defendant was objected to by defendant, on the ground that such proof was inadmissible under the general allegation of the complaint, and could only be admitted under specific averment of the facts. The court, on appeal, said: "We do not think this point well taken. . . . . A holding over by the defendant is, in effect, an ouster, and may be so charged."

In *Boles* v. *Cohen*, 15 Cal. 151, the court said: "The complaint . . . . distinctly alleges prior possession in the plaintiffs, and an entry and ouster by the defendants, and that the defendants are still in possession of the property. There can be no doubt of the sufficiency of these allegations." (See, also, *Boles* v. *Weifenback*, 15 Cal. 144.)

While I think the ultimate fact of ouster is sufficiently expressed in finding No. 16, under the heading of *facts*, there can be no doubt that it is so in finding No. 6, under the heading of "conclusions of law," as follows: "That on December 11, 1890, defendant did oust and

eject plaintiff from the possession of said lot 5, block 3, and has ever since wrongfully and unlawfully withheld said possession from plaintiff."

Here the fact of *ouster* is distinctly expressed, and, as to the *withholding* of possession, the qualifying words "wrongfully and unlawfully" are harmless surplusage. The force of this finding, as a fact, is not impaired by its having been placed under the heading of conclusions of law. (*Jones* v. *Clark*, 42 Cal. 180; *Burton* v. *Burton*, 79 Cal. 490; *Edwards* v. *Sonoma Val. Bank*, 59 Cal. 149; *Bath* v. *Valdez*, 70 Cal. 355; *Spargur* v. *Heard*, 90 Cal. 228; *Millard* v. *Legion of Honor*, 81 Cal. 343.)

The court found, in effect, that the occupancy of the demanded premises by the defendant, up to August, 1890, was under and with the consent of the plaintiff. Appellant contends that this is a finding that defendant was a tenant at will, and that, since there is no finding of service of notice in writing to remove from the premises, according to section 789 of the Civil Code, the tenancy was not terminated before the commencement of the action; and consequently plaintiff had no right to the possession.

While it is the general rule that in actions between landlords and tenants at will, in order to give the former a right of action notice to quit is necessary, yet, in the case at bar, the allegations of the complaint of the seisin and right of possession of the plaintiff are denied in the answer, and a distinct claim of ownership by the defendant is there alleged. In *Smith* v. *Ogg Shaw*, 16 Cal. 90, the court said: " The tenant, having disclaimed the title of the landlord and his own relation of tenant, cannot invoke the protection and advantages of that relation.

"The defendant's answer expressly makes this denial of title and holding the possession as tenant, or that plaintiff was entitled to the possession. . . . . The effect of this denial was to make the defendant a trespasser He was not entitled to notice to quit. Whenever he assumed to hold in defiance of the plaintiff's title, the

plaintiff was authorized to maintain his action for the recovery of the premises, and he could not set up the denial of the title and then claim the benefit of holding in subordination to it. (Taylor's Landlord and Tenant, 309; *Jackson* v. *Wheeler*, 6 Johns. 272; *Jackson* v. *Deyo*, 3 Johns. 422.)" The decision in *Smith* v. *Ogg Shaw, supra*, was affirmed in *Bolton* v. *Landers*, 27 Cal. 104; *Simpson* v. *Applegate*, 75 Cal. 345.

2. As to plaintiff's right to the possession of the demanded premises, the findings are amply sufficient. They show the paramount source of title in one Murry (antedating any claim of defendant or her grantors), and mesne conveyances from Murry down to plaintiff; the conveyance to the latter having been executed and delivered to her some nine months before the commencement of the action. These disclose title in the plaintiff, carrying with it the right to possession. In *Payne* v. *Treadwell, supra*, the court, by Justice Field, said: "The right to the possession follows as a conclusion of law from the seisin, and need not be alleged. . . . . The right of possession accompanies the ownership, and from the allegation of the fact of ownership—which is the allegation of seisin in 'ordinary language' —the right of present possession is presumed as a matter of law. . . . . The withholding of the possession from one who is seised of the premises is presumptively adverse to his right, and wrongful." (See, also, *Haight* v. *Green*, 19 Cal. 118; *Salmon* v. *Symonds*, 24 Cal. 266; *Depuy* v. *Williams*, 26 Cal. 314.)

I think the judgment should be affirmed.

Belcher, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.