## Jackson, *ex dem.* Whitbeck and Gardiniere, *against* Deyo.

<div style="margin-left:2em">
An equitable title cannot be set up in an action of *eject-ment* against the legal estate. A person in possession of land, and who claims to hold it in fee, is not entitled to a notice to quit, previous to bringing an action of *eject-ment ;* but there must be a tenancy, or existing relation of landlord and tenant.
</div>

THIS was an action of *ejectment*, for land in *Kinder-hook.* The cause was tried before Mr. Justice *Van Ness*, at the *Columbia* circuit, in *October*, 1807.

*Thomas L. Whitbeck* became seised of the premises in 1788, and died in 1798, without issue, leaving his father, one of the lessors of the plaintiff, his heir at law.

The defendant produced a contract, under the hand and seal of *Thomas L. Whitbeck*, dated 5th *July*, 1796, by which, in consideration of 20*l.* he covenanted to convey the premises in question in fee, to *Christenda Goes* and *Edie Goes*. The payment of the consideration money was proved, and also an assignment of the contract, and all the interest of *Christenda Goes* and *Edie Goes*, to *Paulus Kane ;* and also a deed from *Paulus Kane* and his wife, to the defendant, dated 5th *December*, 1801, with covenants of seisin and warranty.

The counsel for the defendant contended, that the evidence made out a legal defence in an action of *ejectment ;* and that, at least, the defendant was entitled to a previous notice to quit ; but, under the direction of the judge, the jury found a verdict for the plaintiff.

A motion was now made for a new trial.

*E. Williams*, for the defendant. The first question is, whether the heir of *Thomas L. Whitbeck*, being a trustee, can maintain an action of *ejectment* against the *cestui que trust*. This contract being under the hands and seals of the parties, and for a valuable consideration, its performance would be enforced in a court of equity.

*Spencer*, J. It was expressly decided by this court, in the case of *Jackson*, ex dem. *Smith & Bowne*, v. *Pierce*,* that where the legal title is in the plaintiff, in an action of *ejectment*, the defendant will not be allowed to set up an equitable title against the action at law.

*Williams.* Then we claim the benefit of a notice to quit, on the authority of the decision of this court, in the case of *Jackson*, ex dem. *Benton*, v. *Laughead*.† If a mortgagor who has a mere right of redemption, on payment of the money, cannot be turned out of possession, without a previous notice to quit, *a fortiori*, the defendant having a beneficial interest in the land, and being in possession, is entitled to notice. The defendant does not hold the land by consent.

*Van Beuren*, contra, was stopped by the court.

*Per Curiam.* The defendant has only an equitable title which cannot prevail against the legal estate.‡ And he cannot be entitled to a notice to quit, since the defendant claims to hold in fee ; and there is no *tenancy* whatever. It never has been decided, that a notice to quit was necessary, unless, where the relation of landlord and tenant existed. A mortgagor is *quasi* tenant at will. But here, there is no semblance of any such relation. We might as well require a previous notice to quit in every case.

Judgment for the plaintiff.