## SMITH v. OGG SHAW, (No. 2656).

THE relation of landlord and tenant existed between plaintiff and defendant on a parol demise from month to month, rent being payable in advance, on the first day of each month. November 1st, 1858, defendant being in possession, denied plaintiff's title, and refused to pay rent. December 23d, 1858, plaintiff sued defendant in a Justice's Court for rent due November 1st and December 1st, 1858, and had judgment, which was paid. January 8th, 1859, plaintiff served on defendant notice to quit, on the ground of forfeiture for non-payment of rent; defendant refused to quit or surrender the premises. Plaintiff brings ejectment. Defendant answers; denying, among other things, plaintiff's title and his own relation of tenant: *Held*, that plaintiff is entitled to recover; that the denial of title and the relation of tenant made defendant a trespasser, not entitled to notice to quit; that no special demand for payment of rent was necessary to work a forfeiture; that defendant could not deny title, and yet claim the benefit of holding in subordination to it.

APPEAL from the Twelfth District.

The action was commenced March 14th, 1859.

*D. W. Perley*, for Appellant.

1. The lease had expired by efflux of time.
2. The tenancy was determined by notice to quit.
3. All rights under the lease were forfeited by non-payment of rent and by denial of plaintiff's title. (Taylor's L. & T. sec. 488; 2 Platt. on L. 494.)

*Parker and Waterman*, for Respondent.

1. The first ground of forfeiture—disclaimer of plaintiff's title—is confessed and avoided by the new matter set up in the answer, to wit: the suit for the use and occupation of the premises after such disclaimer.

2. The second ground of forfeiture—non-payment of rent—is not sufficiently alleged; the facts necessary to constitute a forfeiture at common law are not set out. (Taylor's L. & T. 188, 189, 256, 325; Adams' Eject. 187, 196, 197, 370; 3 Cal. 283, 339; 10 Id. 302.)   Nor was the notice to quit sufficient.   (3 Cal. 283, 339; Taylor, 313.)

3. Ejectment cannot be maintained until the relationship of landlord and tenant has ceased to exist. (Taylor's L. & T. secs. 698, 699.)   The forfeiture by disclaimer of title was waived by plaintiff by suing for and collecting rent subsequently accruing.   (Taylor, secs. 287, 497–499; Adams' Eject. 155–157, 198, 199, 216, 219, note 1.)

Smith *v.* Ogg Shaw.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This was ejectment for a lot in San Francisco. The case was tried by the Court without a jury. The Court finds the facts to be, that the relation of landlord and tenant existed under a parol demise from month to month, commencing on the first day of each month, at a rent of ten dollars per month, payable in advance; that on the first day of November, 1858, the defendant, then being in possession, denied plaintiff's title, and refused to pay rent; that on December 23d, 1858, the plaintiff brought suit in a Justice's Court for the rent due under the lease on November 1st and December 1st, 1858, and obtained judgment, which was paid. On January 8th, 1859, a notice to quit the premises described, on the ground for forfeiture of non-payment of rent reserved, was served by plaintiff on defendant; that the defendant refused to quit or surrender the premises, etc.

Upon these facts, the Court found for the defendant.

The complaint avers a renting from month to month—a payment of rent to November 1st, 1858, at which time defendant denied plaintiff's title, and refused to pay rent—an averment that the lease under which the defendant entered into possession has terminated, and that he has no right to hold the premises; and further avers, that on July 8th, 1859, he duly notified the defendant, in writing, to quit and deliver up possession of the premises to him, which defendant refused.

No demurrer was interposed to this complaint for this generality of statement as to this cause of forfeiture, or this disclaimer of plaintiff's title.

It has been seen that this lease was from month to month. It is charged that in November, 1858, the defendant denied the plaintiff's title, and refused to pay rent. It is not expressly alleged that rent was not paid afterwards, but it is inferentially so stated, if indeed, this be not implied in the denial of the title by the defendant. The complaint avers that the premises are worth forty dollars per month since January 1st, 1859, from which time only the value as damages is claimed.

It is contended that the plaintiff cannot recover, because the recovery of the two months' rent (for November and December) before the Justice was an affirmation from that time of the contract of lease, and precludes the plaintiff from insisting on a forfeiture. But the defendant on that trial denied the plaintiff's title and resisted a recovery. He

7

refused afterwards to pay the rents according to the contract. The plaintiff gave him notice to quit. No special demand for payment of this rent seems to have. been made; nor was it necessary, for the open and repeated denial of the plaintiff's title made under oath, and continued even in this proceeding, waived the necessity of so useless a proceeding. The tenant having disclaimed the title of the landlord and his own relation of tenant, cannot invoke the protection and advantages of that relation.

The defendant's answer expressly makes this denial of title and holding the possession as tenant, or that plaintiff was entitled to the possession, and this denial seems to have been consistently made by him throughout.

The effect of this denial was to make the defendant a trespasser. He was not entitled to notice to quit. Whenever he assumed to hold in defiance of the plaintiff's title, the plaintiff was authorized to maintain his action for the recovery of the premises, and he could not set up the denial of the title and then claim the benefit of holding in subordination to it. (Taylor's Land. & Tenant, 309; 6 Johns. 272; 3 Johns. 422.)

We think, on the facts, the plaintiff was entitled to judgment, and the cause is remanded that it may be entered.