## JAMES R. BOLTON *v.* JAMES LANDERS. (No. 1.)

ABATEMENT OF ACTION.—The pendency of an action to quiet title to land, will not abate a subsequent action between the same parties to recover possession of the same land, in which the same facts are litigated.

DENIAL OF LANDLORD'S TITLE BY TENANT.—If a tenant denies his landlord's title, the denial makes him a trespasser, and he is not entitled to notice to quit before the commencement of an action by the landlord to recover possession of the premises.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The complaint was in the usual form in ejectment. The answer denied the allegations of the complaint, and set up in abatement of the suit the pendency of an action brought by defendant and his wife against plaintiff. The suit pleaded in abatement was brought by Landers and wife against Bolton, to quiet title to the same premises in controversy here. It was stipulated in this case that the statement in *Landers and Wife* v. *Bolton*, should be the statement in this case. The facts are found reported in the case of *Landers and Wife* v. *Bolton*, 26 Cal. 393.

Plaintiff recovered judgment, and defendant appealed.

*Bennett & Love,* for Appellant.

*Daniel Rogers,* and *S. A. Sharp,* for Respondent.

By the Court, CURREY, J.

This action is brought to recover the lands described in the complaint in the case of *Landers and Wife* v. *Bolton.* It involves the same questions decided in that case, and they must be determined in the same way.

The plea in abatement of the pendency of the action in the case of *Landers and Wife* v. *Bolton* cannot defeat this action. Although the same questions are litigated in both, the relief sought is different.

The effect of the denial of plaintiff's title by defendant was to make him a trespasser, and he was not entitled to notice to quit. (*Smith* v. *Ogg Shaw,* 16 Cal. 88; *Ingraham* v. *Baldwin,* 5 Seld. 46, 47.)

Judgment affirmed.

Mr. Justice SAWYER expressed no opinion.

By the Court, SHAFTER, J., on petition for rehearing:

Petition for rehearing. In the case of *Landers and Wife* v. *Bolton,* 26 Cal. 393, which was a suit to quiet title, the defendant, Bolton, claimed in his answer that he was the owner of the premises and set forth a deraignment of his title. A deed from French and Robinson to the defendant was the last link in the chain, and the making of the deed was not denied by the replication. It was stipulated in *this* case that all the "testimony given on the trial of *Landers* v. *Bolton* should be deemed as having been given in *Bolton* v. *Landers;*" and it was further stipulated that "all the papers on file in *Landers* v. *Bolton* were in evidence in this case." The complaint in *Landers* v. *Bolton* was a "paper," and so were the answer and replication; and all these papers were on "file" in that case, and both papers were in evidence

in this case, according to the stipulation ; and being in, they proved *prima facie* in this case, what the two taken in connection proved conclusively in the other, to wit : the conveyance by French and Robinson to Bolton.

Petition for rehearing denied.

Mr. Justice SAWYER delivered the following dissenting opinion, in which Mr. Chief Justice SANDERSON concurred :

We think a rehearing should be granted, on the ground that in this case there is no evidence of a conveyance from French and Robinson to Bolton.   The pleadings in this case raise the issue.   We do not think the stipulation authorizes the facts admitted by implication by the pleadings in the case of *Landers and Wife* v. *Bolton* to be taken as evidence in this action. Without so regarding the facts thus admitted, there is no evidence of a conveyance to Bolton.