### JOHN B. FRISBIE v. JOHN R. PRICE.

CONTRACT FOR SALE OF LAND AS EVIDENCE.—In an action for the recovery of real estate, a contract in writing signed by both plaintiff and defendant, for the sale and conveyance of the land in dispute by plaintiff to defendant, is admissible in evidence on behalf of plaintiff, for the purpose of proving that defendant obtained possession of the premises from plaintiff, and went in under him.

NOTICE TO QUIT.—A landlord cannot maintain an action to recover possession of land from a tenant at will without first giving him notice to quit.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The facts are stated in the opinion of the Court.

*Moore & Laine*, for Appellants.

*Whitman & Wells*, for Respondent.

By the Court, SANDERSON, C. J.

This is an action to recover real estate. The plaintiff avers seizin and possession on the second day of June, 1862, and entry and ouster by the defendants on the same day. The complaint is not verified, and the answer, after denying generally all the allegations of the complaint, proceeds and avers: First—That all the title or claim which the plaintiff has to the land in controversy is derived from a pretended Spanish grant, which has been rejected and declared null and void by the Supreme Court of the United States; and that said land is public land belonging to the Government of the United States. Second—That the defendant, John R. Price, has taken up and holds said land under the possessory Act of this State, and had done so prior to the alleged entry and ouster. Third —That the defendant, Mary E. Price, is the wife of her co-

defendant, John R. Price, and has therefore been improperly joined as a defendant. Fourth—That plaintiff's cause of action has not accrued within five years, etc.

The trial was by the Court, without a jury. The findings and judgment were for the plaintiff as against John R. Price, and as to Mary E. Price, the plaintiff took a nonsuit.

The defendants offered no evidence, but after the plaintiff had closed his case, moved for a nonsuit, which was denied; and the question presented for our consideration is whether the plaintiff was entitled to recover upon his testimony.

It appears that the plaintiff sought to recover as landlord and upon notice to quit; and to make out his case he offered in evidence two instruments in writing, one signed by himself and the defendant John R. Price, and the other by himself and Mary E. Price. Both are contracts for the sale and conveyance of the land in question. The first was dated on the 20th day of February, 1856, and the last on the 24th day of December, in the same year. At the foot of the first appears a release by Price of all his interest in the contract, dated on the 23d of December, being the day next preceding that on which the contract with his wife was executed. At the time these instruments were offered, the counsel for plaintiff stated that they were offered solely for the purpose of proving that the defendants obtained possession of the premises from the plaintiff, and went in under him. Both instruments contain a covenant that the defendants may enter, possess and enjoy the premises until a breach of the contract on their part. Both of these instruments were objected to by the defendants upon the ground that they were " irrelevant, immaterial, and incompetent testimony." The objection was overruled, and the defendants excepted.

Both instruments were certainly relevant, material and competent for the purpose of proving that the defendants received the possession from the plaintiff, and, inferentially, a prior possession in him, which was all that was claimed for them. So far as the purposes for which they were introduced are concerned, the fact that Price had released his interest in the first,

and the fact that his wife had no capacity in law to make the second, is of no consequence. They were, nevertheless, written admissions, by both of the defendants, of the prior possession of the plaintiff, and that they obtained their possession from him. It is obvious from the date of the release of the first and the date of the second that the release of the first was made merely to clear the way for the second contract, for some reason which does not appear, and not for the purpose of changing the substantial relation of the parties, or the tenure by which the defendants held the premises. Doubtless all parties supposed that the wife had legal capacity to make the second contract, and it was intended as a substitute for the first. The first contract was ended by the release by Price and acceptance thereof by the plaintiff, and the second was a nullity for the want of capacity in one of the contracting parties; but although thus of no account as contracts, they were still good as evidence to show from whom and upon what terms the defendants obtained possession of the premises.

The plaintiff next introduced two papers purporting to be notices to quit by plaintiff to each of the defendants. They were objected to by defendants, upon the ground that they were irrelevant and incompetent. The objection was overruled and the defendants excepted.

They were neither irrelevant nor incompetent. The action was between landlord and tenants at will, and in order to give the former a right of action notices to quit are necessary.

Judgment affirmed.

Mr. Justice CURREY expressed no opinion.