THOMAS CAMPBELL, RESPONDENT, *v.* WILLIS JONES, APPELLANT.

PLEADING.—Material allegations must be distinctly stated in pleadings, and are not to be inferred from doubtful or obscure language. SPRAGUE, J.

PLEADING IN ACTIONS FOR THE RECOVERY OF SPECIFIC PERSONAL PROPERTY.—A complaint, in such actions, is fatally defective, when it appears that the defendant came rightfully to the possession of the property, and there is no allegation of demand, and refusal to deliver the same. SPRAGUE, J.

VERDICT—WAIVER OF DEFECTS IN.—If a verdict be so defective that it cannot serve as the basis of a judgment, the waiver of the defect, by the other party, and consent that a certain construction thereof should be taken as the verdict, is as irregular and ineffectual as the verdict itself. SPRAGUE, J.

VERDICT.—If a verdict be wholly unsupported by the evidence, as to the quantity, quality and value of the property sued for, it should not be allowed to stand. CROCKETT, J.

JUDGMENT IN ACTIONS FOR THE RECOVERY OF SPECIFIC PERSONAL PROPERTY.—In such actions, the omission to specify the property of which restitution is to be made, is erroneous. CROCKETT, J.

PLEADING OF DEMAND AND REFUSAL.—The allegation that the defendant "has failed, refused and neglected so to return" the property sued for, is not an averment of the special and formal demand and refusal to deliver, required in actions of this kind. SANDERSON, J.

IDEM.—Although a demand is only inferable from other allegations in the complaint, it should be held to be sufficient if the case was submitted and tried upon other issues in the Court below, and the defect in the complaint be noticed for the first time in the appellate Court. SAWYER, C. J., and RHODES, J.

VERDICT—WAIVER OF INFORMALITY IN.—If a verdict be fatally informal, but before the jury are discharged, the party against whom it was given agreed

to such an interpretation thereof as would sustain a judgment, such agreement should be held to cure the defects in the verdict. SAWYER, C. J., and RHODES, J.
JUDGMENT IN ACTIONS FOR THE RECOVERY OF PERSONAL PROPERTY.—The judgment should be, if in favor of the plaintiff, "for the *possession*, or the value thereof, in case a delivery cannot be had, and damages for the detention." A judgment for a *return* of property is only appropriate when in favor of defendant. SAWYER, C. J., and RHODES, J.

APPEAL from the District Court of the Fourteenth District, County of Placer.

The verdict rendered on the trial of this case in the Court below, is as follows:

"We, the jury impanelled to try the above case, find: The defendant pay to said plaintiff the sum of twenty-two hundred dollars ($2,200), or return to said plaintiff all pipe and other material received by said defendant from said plaintiff, together with three hundred dollars damages."

Upon the returning of the verdict by the jury, and before the same was recorded or the jury discharged, the informality of said verdict was suggested, and the Court was requested by plaintiff's attorney to instruct the jury to retire again and amend the form of their verdict. The defendant's attorney thereupon, in open Court, waived all objection to said verdict upon such supposed informality, and admitted that said verdict was a finding for plaintiff, as to the title and right of possession of the property described in the complaint, assessing the value thereof at twenty-two hundred dollars, and assessing the damages for the detention thereof at three hundred dollars. And said Court thereupon directed the verdict to be recorded, and the jury to be discharged.

Whereupon, the Court rendered judgment for plaintiff.

The portion of the judgment upon which comments are made by the Court, is as follows:

"Now, therefore, in accordance with said verdict, and pursuant to law, it is ordered and adjudged that Thomas Campbell, the plaintiff above named, have and recover of and from said defendant, Willis Jones, the sum of twenty-two hundred dollars, or return to said plaintiff all pipe and other material received by said defendant from said plaintiff, together with three hundred dollars damages, and his costs of suit herein, taxed at one hundred and sixty-four dollars and forty-five cents.

The other facts in the case are stated in the opinions of the Judges.

*R. O. Cravens,* Attorney for Appellant.

*Jo Hamilton,* Attorney General, of Counsel.

*E. L. Craig,* for Respondent.

The following opinions were delivered.

By SPRAGUE, J.:

This is an action for the recovery of specific personal property, with damages for its detention.

From the allegations of the complaint, it appears that defendant came rightfully to the possession of the property, and there is no allegation of a demand upon defendant by plaintiff for its delivery, or of any refusal by defendant to deliver the property after demand made; and, for want of these specific allegations, the complaint is fatally defective, as it does not state facts sufficient to entitle the plaintiff to maintain an action.

Pleadings are to be most strictly construed against the party making them. Material allegations must be distinctly stated, and are not to be inferred from doubtful and obscure language. A defect of this character, when there is no direct evidence introduced by the plaintiff, without objection by the defendant, tending to establish a specific demand prior to suit commenced, is not cured by the verdict, and is available to defendant at any time.

Moreover, the verdict returned by the jury is informal, and not sufficiently definite and certain to serve as a basis for a judgment upon the matters in controversy, and the judgment, as entered by the Court thereon after the waiver by defendant of informality of the verdict, and consenting that a certain construction thereof should be taken as the verdict, is quite as irregular, uncertain and ineffectual as the verdict itself.

The judgment and order denying to defendant a new trial must, therefore, be reversed and cause remanded, with leave to plaintiff to amend his complaint.

So ordered.

By CROCKETT, J.:

In my opinion the judgment ought to be reversed :

*First*—Because it is wholly unsupported by the evidence as to the quantity, quality or value of pipe delivered to the defendant. The plaintiff is the only witness who testified on his behalf in that respect except Schaffner; and the former does not profess to know how much the defendant got, as he was not present when it was delivered, and the latter only testified that the defendant said there was in all about one thousand nine hundred feet. If the verdict is to be construed as the defendant agreed it should be, as "a finding for the plaintiff as to the title and right of possession of the property *described in the complaint*," there is a total absence of proof as to how much of *each kind* of pipe was delivered; and as the several kinds were of different values, it was impossible for the jury, from any evidence in the cause, to have ascertained its value to have been $2,200.

*Secondly*—The verdict is too informal to support a judgment in this form of action; and the judgment itself is plainly erroneous in omitting to specify the property of which restitution is to be made. To permit these radical defects to be cured by a stipulation of the parties as to the construction to be placed upon the verdict, would introduce a laxity of practice which would lead to the most perplexing results. In its present form, the judgment for restitution could not be enforced by any process known to the law.

I therefore concur in reversing the judgment.

By SANDERSON, J.:

I concur in the judgment, upon the ground that the complaint does not state facts sufficient to constitute a cause of action. There was no tortious taking of the property, as

appears upon the face of the complaint, but a lawful taking, by the leave and consent of the plaintiff. Such being the case, a formal demand upon the defendant for the possession of the property was indispensable to give the plaintiff a right of action. The complaint contains no such allegation. The language relied upon as an averment of a demand and refusal is as follows : "And plaintiff avers, that being so the owner and in possession of said property, he then and there delivered the same to the said defendant, upon the agreement of the said defendant to return the same and the whole thereof to the plaintiff on or before the 13th day of August, 1868; and the defendant there and then agreed so to return and deliver said property to the plaintiff. And plaintiff avers that said defendant has failed, *refused* and neglected so to return said property to plaintiff, but hath, since said 13th day of August, 1868, wrongfully kept and detained said property and the whole thereof from plaintiff, and still keeps and detains the same as aforesaid." This may be a sufficient averment of a breach of the contract, but it is obvious that it is not and was not intended to be the averment of a *special* and *formal* demand and refusal to deliver within the meaning of the law applicable to pleadings in this class of actions. If there had been any attempt whatever to allege a demand I should not consent to a reversal upon this ground, for the reason that the objection has apparently been taken for the first time in this Court, but there has been no such attempt. The complaint is wholly defective as to a material matter, and, under the code, advantage may be taken of such a defect at any stage of the case.

The other points will hardly arise a second time, and I therefore find no occasion for their consideration.

SAWYER, C. J., delivered a dissenting opinion, in which RHODES, J., concurred :

We cannot disturb the verdict on the ground of insufficiency of the evidence to sustain it in the particulars specified in the statement.

It is claimed by appellant that the judgment must be

reversed, because the complaint does not allege a demand of the property claimed before suit brought, and that as the property came lawfully into possession of the defendant, no action can be maintained till a demand is made.

The complaint alleges that "plaintiff delivered the property to the defendant upon an agreement of said defendant to return the same, and the whole thereof, to plaintiff on or before the 13th of August, 1868, and defendant then agreed so to return and deliver said property to plaintiff; and plaintiff avers that said defendant has failed, *refused* and neglected so to return said property to plaintiff, but hath, since said 13th day of August, A. D. 1868, wrongfully kept and detained the said property, and the whole thereof, from plaintiff, and still keeps and detains the same as aforesaid." This, it is true, is not a direct positive averment of a demand. A demand is only to be inferred from the allegation that the defendant agreed to return the property at a specified day, and that he had "*refused* and neglected" so to do, but had "wrongfully kept and detained said property." If, in view of the averments, it was necessary to make a demand, the defect would have been a ground for demurrer or objection to evidence. But the defense is a technical one, at best, and was not raised at all, in any form, in the Court below. The answer first denied the allegations of the complaint, and put in issue the ownership of the property and the agreement alleged. Then it set up an affirmative separate defense, in which it was alleged that the defendant had received the property as security for the payment of certain sums of money which it was averred had not been paid, and that he held it in his own right. This affirmative defense appears to have been the principal point in contest at the trial. I do not see why the principle adopted in *Smith* v. *Shaw* (16 Cal. 88), *Bolton* v. *Landers* (27 Cal. 104), and *Ingraham* v. *Baldwin* (9 N. Y. 46–7), should not be applicable to this case. The defendant put himself in an antagonistic position on the question of title, and rested his defense on that. Had this technical objection been made in the Court below, it could, perhaps, have been readily obviated by amendment. Although the demand is only inferrible from the other allega-

tions, yet the averment is sufficiently general to embrace the demand inferentially; and we should not, in view of the course taken in the answer and at the trial, be justified in reversing the judgment upon this objection taken for the first time in this Court.

It is further insisted that the verdict is so defective that no judgment can be rendered on it. Although the verdict is very informal, to my mind it is perfectly apparent what the jury intended to express. And it is, that they found for plaintiff as to the title and right of possession of the property described in the complaint; that its value was $2,200, and that plaintiff had sustained damages to the amount of $300. It cannot well mean anything else. Besides, when the verdict was read, the plaintiff, as he was entitled to do under Section 172 of the Practice Act, asked the Court to direct the jury to retire and put their verdict in the proper form. Thereupon, the defendant's counsel waived all objection to the form, and "admitted that said verdict was a finding for plaintiff as to the title and right of possession of the property described in the complaint, assessing the value thereof at $2,200, and assessing the damages for the detention thereof at $300."

Upon this waiver and admission the Court directed the verdict to be recorded and judgment to be entered accordingly. Clearly, this is the true interpretation of the verdict, and after this waiver and admission, and the subsequent action upon it, when the plaintiff would otherwise have had it corrected, it would be unjust now to reverse the judgment for this informality in the verdict.

The verdict, properly interpreted, finds the particulars required by Section 177 of the Practice Act, in actions, "for the recovery of specific personal property." The judgment, however, is not in the form prescribed by Section 200. The judgment for plaintiff should be "for the *possession*, or the value thereof, in case a delivery cannot be had, and damages for the detention." The judgment reverses the order, and is that the *plaintiff* "have and recover of and from said defendant, Willis Jones, the sum of twenty-two hundred

dollars, or *return* to said plaintiff *all pipe* and other materials," etc. It does not say who is to return. The grammatical construction would indicate the plaintiff as the one to return it to the plaintiff. A judgment for a *return* is only appropriate when in *favor of defendant.* (Sec. 200.) The judgment in favor of plaintiff should be for the *"possession"* of the property, etc. The judgment is obscure and informal, and, I think, should be modified so as to conform to the statute.