[No. 12040.  Department One. — March 24, 1888.]

J. E. SIMPSON, RESPONDENT, *v.* G. W. APPLEGATE, APPELLANT.

RESCISSION OF CONTRACT — PUBLIC LAND — WITNESS BEFORE LAND DEPARTMENT. — If a party who has a contract for a conveyance of land from one who has taken the preliminary steps to acquire the title from the government agrees to rescind the contract in order to qualify himself as a witness for the other before the land department, and becomes such witness, and the patent is issued to the other, the contract is rescinded and gone.

ID. — Subsequent conversations, in which the right of the party is acknowledged, do not amount to a new contract.

TENANCY AT WILL — TERMINATION — DISCLAIMER. — If a tenant at will at all times claims the premises as his own, and assumes to convey them away to a third party, and in his answer denies the right of the lessor, he cannot claim that the tenancy still exists, and that he is entitled to notice to quit.

APPEAL from a judgment of the Superior Court of Nevada County.

The facts are stated in the opinion.

*Hale & Craig*, for Appellant.

*C. A. & F. P. Tuttle*, for Respondent.

HAYNE, C. — Ejectment. The plaintiff claims under a United States patent. The defendant set up an equitable defense, and prayed for a conveyance from plaintiff of the legal title. The court below gave judgment for the plaintiff, and the defendant appeals. The case comes up on the judgment roll.

Certain points are made by the respondent as to the construction of the findings, but for the purposes of this opinion we shall assume that the finding that the plaintiff was "the owner" of the premises at the commencement of the action is a conclusion of law within the rule laid down in *Levins* v. *Rovegno,* 71 Cal. 273.

The facts as disclosed by the findings are as follows:—

The appellant and respondent were respectively in possession of adjoining pieces of public land. In 1862 the respondent made a parol agreement to sell to the appellant the tract in controversy for seventy-five dollars. This sum was paid, and the appellant took possession of the property and improved the same, thus bringing himself fairly within the rule as to specific performance of partially executed parol agreements for the conveyance of real property. But no deed was made. Afterwards the respondent applied for a patent from the United States for a tract which included the premises in controversy. This was with the knowledge and acquiescence of appellant, who drew up the declaratory statement, at respondent's request. What then occurred is stated by the findings, as follows:—

"Thereafter, and within the time allowed by the preemption laws to make final proof and payment, plaintiff applied to defendant to go with him to said land-office, as a witness for him, to make proof of his right to his said land. The defendant then explained to plaintiff that he could not become such witness while there existed any contract or agreement between them for a conveyance by plaintiff to defendant, or to any one else, of any part of the land so to be pre-empted; and further, that the plaintiff himself could not take the oath prescribed by law, while any such contract or agreement existed. And that before defendant could become such witness, or plaintiff himself could take such prescribed oath, it was indispensable that all existing contracts and agreements in respect to a conveyance of any part of

the land should be canceled and rescinded; and *it was then and thereupon agreed between them that all said contracts and agreements then or theretofore existing between them should be, and then were, canceled and rescinded,* and said defendant then became such witness."

A patent was accordingly issued to the plaintiff. It is further found that "*after* the making of said final proof and payment for said land, and *after* the issuance of said patent, there were conversations between plaintiff and defendant as to a conveyance of said land by said plaintiff to said defendant, and therein defendant requested plaintiff to convey the same to him, and plaintiff verbally consented and agreed so to do for the sum of $1.25 per acre, the defendant's proportion of the expense of procuring the patent." The plaintiff, however, subsequently changed his mind, and brought the present action to remove the defendant from possession.

The finding that the parties rescinded their contract in order to qualify the defendant to become a witness on the application for the patent must be taken to mean an *effectual* rescission. There is nothing in the record to show that they did not intend it to be such. And if the record had shown that such was not their intention, it cannot for a moment be supposed that any court would countenance such a trick upon the officers of the land department, or such trifling with the obligations of an oath. The contract was, therefore, entirely rescinded and gone; and for the purposes of this branch of the case this left the parties as if no contract had ever existed.

The subsequent "conversations" amounted to nothing. If we assume that there was a consideration for any subsequent agreement, such agreement was not valid because it was not in writing, and there was no subsequent part performance. The appellant appears to have relied entirely upon the honor of the respondent, and if he has been disappointed in such reliance he is without a remedy.

It is argued for appellant, however, that if his equitable defense fails he is a tenant at will, and that since he has received no notice to quit, the action must fail.

· The court below found that he was "not the tenant at will of the plaintiff." We are inclined to think, however, that this must, in view of the other facts found, be considered to be a mere conclusion of law, and that he must be held to be a tenant at will, because he was a vendee in possession after the rescission of the contract to sell. (*Frisbie* v. *Price*, 27 Cal. 253.) But if we assume this to be so, it does not help the appellant, because the answer denies the right of the plaintiff, and it is found that the defendant in 1882 executed a conveyance of the premises to one Seaver, and about a year afterward received a reconveyance from him, and "at all times claimed to be the owner of said demanded premises except during the time that Seaver held the deed from defendant."

These things constituted such a disclaimer of the relationship as dispensed with notice. Taylor, in his work on Landlord and Tenant, after stating the general rule as to denials by the tenant of the landlord's right, says: " But if the tenancy is from year to year, or at will, the law is otherwise, for these tenancies are always determinable by notice, and as notice would be waived by a denial of the relation of landlord and tenant, the tenancy is in fact forfeited." (8th ed., sec. 522.) And this is the law in California. (*Smith* v. *Ogg Shaw*, 16 Cal. 88; *Dodge* v. *Walley*, 22 Cal. 225; 83 Am. Dec. 61; *Bolton* v. *Landers*, No. 1, 27 Cal. 104.)

We do not think the findings, when properly construed, are contradictory.

It may be remarked with reference to the transcript that it is not the practice in this state to change the title of a case when it is appealed. There is no propriety here in making the defendant in the court below appear as the plaintiff on appeal. Such a course being against

usage has a tendency to produce confusion, both on appeal and in the court below.

We advise that the judgment be affirmed.

Belcher, C. C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment is affirmed.