[Civ. No. 1038. Second Appellate District.—March 1, 1912.]

## O. L. ABBOTT, Respondent, v. H. E. KELLOGG and CARL WITZKE, Appellants.

CONTRACT TO PURCHASE LAND—POSSESSION—TIME OF ESSENCE—FOR-
FEITURE—TENANCY AT WILL—NOTICE—RECOVERY OF POSSESSION—
DENIAL OF TITLE OR TENANCY—TRESPASSER.—Where by the terms
of a contract to purchase land, under which the purchaser received
possession, time was made of the essence of the contract, and it was
to be forfeited for nonpayment, and the purchaser was to hold as
tenant of the vendor, the purchaser, in such case, becomes a tenant
at will of the vendor, who is entitled to thirty days' notice to quit,
if he stands upon his contract rights, before he would be subject to
an action of unlawful detainer or ejectment; but where, in either

of such actions, he claims equitable ownership under the contract and denies the title of the vendor, or of plaintiff, and denies his own tenancy, the plaintiff may treat him as a trespasser who is not entitled to notice, and may recover the possession.

ID.—EJECTMENT—APPEARANCE—WAIVER OF OBJECTION TO SUMMONS.— If the action to recover the possession of the premises be treated as one of ejectment in which the defendant appeared, demurred and answered, without any question as to the time required in the summons so to do, he is not in a position in which he can question the sufficiency of the summons under such circumstances.

ID.—LIABILITY FOR USE AND OCCUPATION—AMOUNT PRESUMED CORRECT. While defendant's entry into possession was lawful, and without liability for rent, as such, under the contract, yet, when the circumstances of the case are such that an action of ejectment will lie, the value of the use and occupation of the premises for the period of possession after the forfeiture was recoverable as damages; and the amount found by the court under the issues presented by the pleadings will be presumed correct, where nothing appears to the contrary.

ID.—FORFEITURE OF CONTRACT RIGHTS—LAW OF CASE.—It is held that, in view of the decision of the supreme court upon a former appeal, as to all matters involved in the forfeiture of the conditions of the contract upon the part of the defendant, the rulings of the trial court in accordance therewith will not be reviewed upon this appeal.

APPEAL from a judgment of the Superior Court of Kings County, and from an order denying a new trial. John G. Covert, Judge.

The facts are stated in the opinion of the court.

W. R. McQuiddy, for Appellants.

O. L. Abbott, *in pro. per.*, for Respondent.

ALLEN, P. J.—The facts are these: That on or about the third day of December, 1906, one Mallory and H. E. Kellogg, defendant, entered into a written agreement for the purchase and sale of real property in Kings county, under which agreement it was provided that a certain note should be paid on or before October 1, 1909; that certain interest upon other notes should be paid on or before such date; that Kellogg should pay all taxes and charges assessed against the property, as well as water taxes levied, on or before such date; time being made of the essence of the contract. It was further agreed that if the second party should be in default in

the performance of any of the terms and provisions of the agreement, his rights should be at an end, and that if allowed to remain upon said premises thereafter, he should hold and occupy as tenant of the said Mallory. Possession of the premises was given at the time of the execution of the agreement. Kellogg made default in each and all of the obligations of the contract imposed upon him to be performed on or before the first day of October, 1909, and on the fifth day of October following, Mallory gave notice to him that his rights were forfeited under the contract, and that he (Mallory) was going to sell his right to said property. After such notice to Kellogg, Mallory sold the premises to plaintiff, who demanded possession thereof, which was refused, and Kellogg and Carl Witzke, holding under him, continued in possession. Accordingly, on October 18, 1909, Abbott made written demand for the surrender of possession and occupancy of the premises, and upon defendant's failure and refusal to surrender possession within three days thereafter, this action was brought to recover possession. Defendant by his answer denied the seisin and right of possession of plaintiff, and averred an equitable ownership by him in the premises, disclaiming the title of the landlord and of his own relation as tenant. The trial court found the allegations of the complaint to be true, and those allegations touching want of ownership in plaintiff, and the denial of tenancy by defendant, to be untrue; found the valuation of the use and occupation of the premises, after notice, to be $120, and by its decree put plaintiff in possession and gave judgment for $120 rent. Defendant appeals from the judgment and from an order denying his motion for a new trial.

Under the allegations of the complaint, and from the express provisions of the contract, defendant, after his default in the performance of the covenants of the agreement, became a tenant at will of Mallory. Being such tenant at will, under section 789, Civil Code, thirty days' notice to remove from the premises within a period of not less than one month was essential to terminate the tenancy, and under section 1161 of the Code of Civil Procedure, when one directly or by subtenant continues in possession of the property, or any part thereof, after the expiration of the term for which it is let, without permission of his landlord, or the successor in estate of his

landlord, if any there be, and if the tenancy be one at will and has been terminated by notice as prescribed in the Civil Code, the action of forcible detainer lies, and the three days' notice to quit after the termination of the tenancy is sufficient to entitle the landlord or owner to maintain an action in unlawful detainer. It is insisted by appellants that this action in unlawful detainer does not lie, because it affirmatively appears that the thirty days' notice provided by the Civil Code to terminate a tenancy at will was not given. "The defendant's answer expressly makes denial of title and of holding possession as tenant, or that plaintiff was entitled to the possession. The effect of this denial was to make the defendant a trespasser. He was not entitled to notice to quit." (*McCarthy* v. *Brown,* 113 Cal. 19, [45 Pac. 14].) The thirty days' notice to quit not being essential in terminating the tenancy where the same is disclaimed by the tenant, it was not necessary to establish the same in order to give plaintiff the rights guaranteed by section 1161 of the Code of Civil Procedure, or the right to maintain an action in ejectment, in each of which actions the superior court had jurisdiction, and its judgment being correct, will not be disturbed, if its jurisdiction to render the same under the pleadings is established. Treating the action as one in ejectment, defendant appeared, demurred and answered without question as to the time required in the summons so to do, and is not in a position to question the sufficiency of the summons, under the circumstances of the case.

While the entry of defendant was lawful and not for any definite term, or with any liability for rent (*Pomeroy* v. *Bell,* 118 Cal. 637, [50 Pac. 683]), nevertheless, the value of the use and occupation of the premises, for the period of possession after forfeiture, was recoverable as damages, and the amount thereof found by the court under the issues presented will be assumed to be correct, nothing to the contrary appearing.

All matters involved in the forfeiture on account of the nonperformance of the conditions of the contract upon the defendant's part have been settled and determined adversely to defendant by our supreme court in *Kellogg* v. *Mallory,* 161 Cal. 526, [119 Pac. 937]. It is unnecessary to review the

rulings of the court with reference to such matters in this proceeding.

We see no merit in the claim of error in denying a new trial on account of the newly discovered evidence disclosed by the affidavits.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 29, 1912.