[Civ. No. 1587.   Third Appellate District.—November 3, 1916.]

## M. LEVY, Respondent, v. ORRIN S. HENDERSON, Appellant.

LANDLORD AND TENANT—RECOVERY OF POSSESSION—WITHHOLDING OF PREMISES—SUFFICIENCY OF EVIDENCE.—In an action for rent and for restitution of premises, a finding that the defendant was withholding the possession of the premises at the time of the commencement of the action is sufficiently supported by evidence that he still had a key thereto, that he had not paid the rent, and that his goods were still contained therein.

ID.—DENIAL OF LANDLORD'S TITLE—NOTICE TO QUIT.—If a tenant denies his landlord's title, the denial makes him a trespasser, and he is not entitled to notice to quit before the commencement of an action by the landlord to recover possession of the premises.

APPEAL from a judgment of the Superior Court of San Joaquin County.   J. A. Plummer, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

Gordon A. Stewart, for Respondent.

BURNETT, J.—The action was for rent and for restitution of premises.

The court found that on or about the twenty-eighth day of September, 1913, the plaintiff leased to defendant the ground floor of certain premises in Stockton known as the Aurora Flour Mills, from month to month, at the rental of fifteen dollars per month, and that said lease was not in writing; "that by virtue of said lease the defendant went into the possession of said floor space of said premises, and continued to occupy and hold the same as the tenant of the plaintiff until the month of July, 1914, at which time, by the mutual consent and agreement of the plaintiff and defendant, the plaintiff leased and demised to the defendant and the defendant leased from the plaintiff, the annex to the Aurora Flour Mills, which annex is a building annexed to and forming a part of the Aurora Flour Mills upon the same rental, to wit: $15.00 per month . . . and that the said defendant ever since the said month of July,

1914, and up to the present time has been, and he is now, in the exclusive possession and occupancy of said annex'' as tenant of said plaintiff and ''under said agreement.''

Then follows a finding that no part of said rent has been paid and that the amount owing is $405, and that on or about April 25, 1916, plaintiff served upon defendant a written notice that he pay said rent or surrender said premises, but that defendant refused to do either, and that he ''still withholds from the plaintiff the possession of said premises and still refuses and neglects to pay the plaintiff said rent or any part thereof as well as the accruing rent.''

Judgment followed for plaintiff in accordance with the prayer of his complaint.

There is no merit in the contention that the evidence is insufficient to support the finding as to the execution of the lease. Mr. Levy testified: ''Mr. Henderson asked me, telling me that he had to leave his place, if I want to rent him the Aurora Flouring Mill; I say I have no objection, but I will rent to him on one proviso, that I don't take any risk regarding fire, theft, destruction, and so on, but he to vacate as soon as I got a permanent tenant or sell the property; and he was satisfied. He said, 'All right.' Then he asked me what I would charge him; I told him I will charge him fifteen dollars per month. I called my man, Mr. Terry, and introduced him to Mr. Henderson. Mr. Terry had the keys, and he gave one of the keys to Mr. Henderson, the key for the front door of the Aurora Flour Mills.''

Mr. Terry testified: ''Mr. Levy called me and gave me an introduction to Mr. Henderson and said: 'This is our new tenant,' he mentioned the fact, and he said: 'Mr. Henderson was going to take over part of the mill to use as his part.' . . . So I took one of the keys and gave Mr. Henderson one of the keys; one of the keys was supposed to be in Mr. Henderson's possession, and I had this other key for the privilege of going in there and turning the water into the large tank which was there for the purpose of fire, and I did this every two weeks.''

There is also testimony to the effect that in July, or at least the summer of 1914, the lease, with the consent of the appellant, was modified so as to give him the use and occupancy of the annex instead of the main building, on the same terms as in the original agreement. Mr. Levy testified that there was no change in the terms of the original agreement, and Mr.

Terry's testimony in reference to a conversation with Mr. Henderson in the summer of 1914 was: "I went out to Mr. Henderson's house a couple of times. I couldn't find him, so I telephoned out and I met Mr. Henderson at the door, and I told Mr. Henderson in a quiet way, Mr. Levy had requested us to move the stuff, and Mr. Henderson said he would be down in the morning. He was to move his stuff and clean the place out. He moved it into the annex."

Mr. Henderson, the defendant, was asked if his equipment was moved at the time he received from Terry notice to move it out of the main building into the annex, and he replied that it was so moved under his supervision, and that he still had his merchandise there. It is certainly a fair inference from the foregoing that there was an agreement for the use and occupancy of the premises as claimed by plaintiff, and that under said contract defendant went into said possession. There is also evidence, which we need not set out, that defendant's occupancy of said annex was exclusive, he being in the sole occupancy of the same.

The theory of appellant, it may be said, is that the transaction constituted a bailment, that he never took possession of the premises, but, on the contrary, delivered his goods to the respondent, and that the latter from that time on held the goods in his possession. We need not enter upon a consideration of the principles involved in such bailment, for it is sufficient to say that conceding there is some evidence in support of such theory, it is clear that the findings of the court to the contrary were entirely warranted.

It is equally plain that the evidence justified the finding that defendant was withholding the possession of the premises at the time of the commencement of the action. He still had the key to the annex of the building and his goods were even, to the time of the trial, within the premises. It is also undisputed that the rent was unpaid. The defendant himself so testified as to his possession and the nonpayment of the rent.

It is objected by appellant that the three-day notice was ineffectual, for the reason that more than one year had elapsed since the defendant had been in arrears in the payment of his rent. This position is taken by virtue of section 1161 of the Code of Civil Procedure. We deem it unnecessary to attempt elucidation of that provision, although we venture the suggestion it was not intended to protect a tenant from month to

month in the indefinite withholding of the leased premises. The forbearance of the landlord for more than a year to press his claim for rent or to obtain possession would surely not defeat his action altogether in a proceeding of this kind, but might result in the loss of the rent accruing in the period antedating the twelve months. But this need not be decided, as the notice can be entirely disregarded. This follows from the consideration that the relation of landlord and tenant was denied by defendant, and, hence, no such notice was required. The principle applies that was announced in *Cox* v. *Delmas,* 99 Cal. 104, 121, [33 Pac. 836]. Therein it was said: "When the time has come for the doing of an act which it is the duty of the defendant to do unconditionally, no demand other than the suit itself is necessary; nor is a demand before suit required where it appears that it would have been unavailing, and would not have changed the rights and relations of the parties, or where the answer denies the relation on which the action is founded, although a demand and refusal would otherwise be a condition precedent to the right of the plaintiff to maintain the action."

Moreover, it has been expressly held in this state that notice is waived by a denial of the relation of landlord and tenant. By such denial the tenancy is, in fact, forfeited, and the tenant becomes a trespasser. (*Smith* v. *Ogg Shaw,* 16 Cal. 88; *Dodge* v. *Walley,* 22 Cal. 225, [83 Am. Dec. 61]; *Bolton* v. *Landers,* [No. 1], 27 Cal. 104; *Simpson* v. *Applegate,* 75 Cal. 342, 345, [17 Pac. 237].)

We think the judgment is just and legal, and it is therefore affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 2, 1917.