[Civ. No. 4051. Second Appellate District, Division Two.—June 21, 1923.]

ALBERT WEDDERIEN, Appellant, v. ALONZO W. WOOD et al., Respondents.

[1] SPECIFIC PERFORMANCE—CONTRACT TO SELL REAL PROPERTY—AFFIRMATIVE RELIEF FOR DEFENDANTS—PLEADING—RENTS—QUIETING TITLE.—In an action to compel specific performance of an alleged oral agreement to sell real property, it is proper for the defendants, after admitting in their answer that the plaintiff has been in possession of the property, to allege facts which, if true, establish that the possession and detention thereof was unlawful and

to ask affirmative relief for the recovery of rent for the use and occupation of the premises and also that their title to the property be quieted.

[2] ID.—FINDINGS—EVIDENCE.—In this action to compel specific performance of an alleged oral agreement to sell real property, which contract the complaint alleged had been partially performed, there was sufficient evidence to support the finding of defendants' ownership of the property and plaintiff's unlawful withholding of its possession and also to support the finding to the effect that the allegations of plaintiff's complaint as to the making of the alleged agreement giving him the right to purchase the premises were untrue.

[3] ID.—DENIAL OF LANDLORD'S TITLE—NOTICE TO QUIT.—A tenant who denies his landlord's title cannot claim a right to any notice to quit.

[4] ID.—DELAY IN ASSERTING RIGHTS—CREATION OF AGREEMENT.—If the alleged oral agreement to sell the premises to plaintiff was not made, the delay upon the part of defendants in asserting their rights to the premises could not create such an agreement.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Robert F. Shippee for Appellant.

Tobias R. Archer for Respondents.

CRAIG, J.—This is an action for specific performance of an alleged oral agreement to sell real property which the complaint states had been partly performed by the plaintiff. Judgment was rendered for the defendants, quieting their title to the property involved as against the plaintiff, adjudging that defendants have possession and the value of the use and occupation of the premises. The defendants Alonzo W. Wood and Ellie Wood, answering, claim to be the owners of the property in question and asked to have their title to said property quieted as against the plaintiff. The plaintiff moved to strike the allegations of this character from the answer, which motion was denied. One of the grounds upon which appellant

3. Denial of tenancy as waiver of notice to quit, or of demand of possession, notes, 42 **Am. Dec.** 133; 25 **L. R. A. (N. S.)** 104.

relies is that this motion should have been granted. To sustain this contention he relies upon section 437 of the Code of Civil Procedure and asserts that the paragraphs of the answer sought to be stricken out are neither a general nor special denial of the material allegations of the complaint, nor a statement of new matter constituting a defense or counterclaim.

[1] As we have said, the suit is one for specific performance of a contract for the sale of real property. The answer admits that the plaintiff has been in possession of the property; alleges facts which, if true, establish that the possession and detention thereof was unlawful, and asks affirmative relief for the recovery of rent for the use and occupancy of the premises; and also that the title of the defendants Alonzo W. Wood and Ellie Wood be quieted. We think these matters were appropriate to be litigated in the instant action and to be pleaded by way of answer. In so far as the character of the possession of the property by plaintiff was concerned the allegations of unlawful detainer constituted a part of the defense.

The claim for rent clearly arose out of the same transaction as that which is the basis of the plaintiff's alleged cause of action and hence was a proper matter to be pleaded by way of the answer. (Secs. 437, 438, Code Civ. Proc.) For the same reason it was permissible to seek to quiet the title of the defendants as against the plaintiff's claim to ownership of the property in question. The mere filing of this action alleging the existence of a contract to convey was sufficient to render the defendants' title unmarketable Had the plaintiff seen fit to have dismissed, the defendants could have secured relief only through an action to quiet title. The cloud which rested upon defendants' title grew out of the transaction which formed the subject matter of the instant suit. Defendants might have instituted a separate proceeding to quiet title, but they were not required to do so.

[2] Appellant specifies ten particulars in which it is claimed that the evidence is insufficient to support the findings. The first three are grouped together under the assertion that the evidence does not uphold the finding of respondent's ownership of the property and the appellant's unlawful withholding of its possession on the first day of

November, 1920. It is admitted that the respondents may be regarded as the owners from the date of recording the sheriff's deed, which occurred September 30, 1920; however, the claim is made that plaintiff was at least a tenant from month to month and entitled to one month's notice to quit. Such a notice was given on October 27, 1920. **[3]** The tenant who denies his landlord's title cannot claim a right to any notice. (*McCarthy* v. *Brown,* 113 Cal. 15 [45 Pac. 14]; *Abbott* v. *Kellogg,* 18 Cal. App. 432 [123 Pac. 227].)

Therefore if the evidence supports the findings that the allegations in the complaint of the making of the oral agreement for the sale of the property are untrue, and also those findings of fact establishing defendants' ownership, the plaintiff must be held to have been in unlawful possession on November 1, 1920. The sheriff's deed was recorded before that date, and so, for the purpose of these three specifications of error, the findings are sustained.

The next point which merits comment is that the evidence is insufficient to support finding number 3, to the effect that the allegations in the complaint of an oral contract giving plaintiff the right to purchase under certain conditions, and that pursuant to said contract plaintiff paid defendants a sum in excess of $1,000, and entered into possession of the property, are untrue. The trial court found that no such contract as that alleged was ever made. The evidence is susceptible of this construction, and, hence, the judgment will not be disturbed upon this ground. The complaint alleges the agreement to have been made on February 14, 1918. Plaintiff's testimony was that the arrangement was oral. Alonzo W. Wood testified concerning the same conversation that he made the remark that if Wedderien could get the money within three months he would throw $150 off from the principal sum of $2,531.10, then owing to the defendants. The witness was then asked: "Did he make any further offer of payment of that sum or any other sum?" To which he replied: "No, sir," thus denying the agreement as alleged in the complaint and testified to by the plaintiff. Although there is other evidence in the record to sustain the court's findings here under consideration, the testimony above quoted is alone sufficient to create that conflicting condition in the evi-

dence into which an appellate court will not enter for the purpose of inquiry as to where lies the truth. **[4]** It may be added that if the contract of sale was not made, the delay upon the part of defendants in asserting their rights which occurred could not create such an agreement.

Paragraph III of the complaint states that pursuant to the verbal agreement to which reference has been made, plaintiff entered into possession of the premises, and paid certain interest to the defendants and taxes upon the property and paid out more than $1,000 for its upkeep and repair. This the findings hold to be untrue and appellant insists that there is no evidence in support thereof. If no agreement such as that alleged was ever made it necessarily follows that the plaintiff did none of the acts related in pursuance thereof.

The other specifications of insufficiency of the evidence, as well as of error in admitting it, become immaterial by reason of the upholding of the findings already discussed. For example, the sufficiency of the attempted tender need not be considered, since the alleged contract whose provisions were intended to be availed of never existed.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.