[Civ. No. 2116. Fourth Appellate District.—March 31, 1938.]

RUTH SUSAN HOLLAR, Respondent, v. SALINE PRODUCTS, INC. (a Nevada Corporation) et al., Appellants.

544

Hansen & Sweeney, M. M. Holman and Goodwin J. Oppegard for Appellants.

Harry H. Parsons for Respondent.

BARNARD, P. J.—The plaintiff brought this action to cancel a lease of real property, to obtain possession and for other relief. By stipulation and order Ralph S. Armour, the present receiver for Saline Products, Inc., has been added as a party appellant.

The complaint alleges that a lease covering the lands in question was entered into in 1921 between one John G. Clark as lessor and X. H. Hollar as lessee; that the interests of said lessor have passed by assignment to the plaintiff and the interests of said lessee have passed to the defendants; that certain rents and royalties due under the lease have not been paid by the defendants; that the defendants have further breached the lease in that they have attorned to a stranger to the title; and that since May 29, 1931, the defendant corporation has refused to deal with the plaintiff as its landlord and lessor. It is further alleged that the corporation defendant has permitted its affairs to be under the control of a receiver since March 4, 1932, and that said receiver has denied the title of plaintiff and has attorned to a stranger to the title. The prayer is for cancellation of the lease, for immediate possession of the property and for judgment for all rents and royalties due. By their answers the defendants denied that any of said property was leased by John G. Clark as lessor to X. H. Hollar as lessee, that any interest of the lessor was transferred to this plaintiff or that any interest of the lessee was transferred to the defendant corporation, that the defendant corporation had been in possession of said land under said lease at any time, and that the plaintiff had ever acquired an interest as a lessor

in any such lease or in any lease. The answers further admit that on May 29, 1931, the defendant corporation entered into a lease with Western Salines, Inc., a corporation, covering these lands and has continued to occupy said lands as the lessee of that corporation. It is then alleged that prior to the last-named date one Knute B. Norswing acquired all the right, title and interest of this plaintiff in and to said lands and has ever since continued to be the owner thereof, and that the lease between Western Salines, Inc., and this corporation defendant was entered into with the knowledge and consent of said Norswing. The trial court found in favor of the plaintiff on all of the issues but made a reference for an accounting as to the amounts of rents and royalties due. An appeal was taken which was dismissed as premature since a final judgment had not been entered. (*Hollar v. Saline Products, Inc.*, 3 Cal. (2d) 80 [43 Pac. (2d) 273].) Thereafter, an accounting was had and a final judgment was entered from which this appeal was taken.

█ It is first urged that a finding to the effect that the appellant corporation had denied the title of this plaintiff on May 29, 1931, and since that date had refused to deal with the plaintiff as its landlord and lessor is not supported by the evidence since one portion of the testimony, which is referred to, was stricken out by the trial court. Without regard to any other testimony this finding was fully supported by the admissions made in the answers. It was alleged that on that date the defendant corporation entered into a lease with another lessor and that from and after that date the respondent had no interest in the property. The plain inference from the allegations made is that the defendant corporation had refused to deal with the respondent as its landlord from and after that time.

█ The main point relied upon for a reversal is that it conclusively appears from the evidence that the respondent had divested herself of all right, title and interest in and to said lands and said lease long prior to the commencement of this action. This is based upon the contention that the respondent parted with all her interest in said premises and in any lease thereof by placing certain papers in an escrow. In this connection it appears that on May 28, 1931, X. H. Hollar, the original lessee of this property, entered into an agreement with K. B. Norswing. The appellants contend

that by this agreement Norswing acquired both the interests of X. H. Hollar and of this respondent in this property. Under this agreement Norswing was to place in escrow certain money and certain notes and the appellant corporation was to execute and place in escrow notes aggregating $33,500 payable to this respondent, each note containing the provision that it was secured by certain securities in the hands of the escrow holder. Certain stock and other instruments were also to be placed in escrow. The appellants place great reliance on a provision in this contract between Norswing and X. H. Hollar to the effect that all of these things were to be placed in escrow within twenty days and that ''upon each of the parties hereto complying with the terms and conditions of this agreement in so far as the same requires instruments to be delivered into escrow, said escrow holder shall make delivery to the respective parties in accordance with the terms of this agreement, and such further instructions, in writing, as may be given by the respective parties, including Ruth Susan Hollar, or her attorney in fact''. It is argued that this respondent became a party to this agreement by placing an assignment of the lease, a full release and other documents into this escrow.

The appellants argue that under the above-mentioned provision of the contract between Norswing and X. H. Hollar the papers were to be placed in escrow within twenty days and were then to be delivered by the escrow holder to the respective parties, that the escrow was entirely completed when the various documents were placed therein, and that when she deposited her papers in this escrow the respondent divested herself of all title and interest in and to this property. They entirely overlook the provision in that contract for further instructions to be given by this respondent as well as the right of the respondent to place her papers in escrow upon her own instructions. It fully appears that in placing her papers in escrow the respondent did so with definite instructions to the escrow holder that if the notes payable to her were not delivered into escrow for her within twenty days all of said documents were to be returned to her, that if the notes were delivered then all documents placed in escrow by her were to be held by the escrow holder as security for the payment of said notes and that if the notes were not paid at maturity all of these documents were

to be returned to her. It is not contended that these notes were all paid and it is admitted that at least one of them was not paid. We are pointed to no evidence to the contrary and it must be assumed that the escrow holder carried out the respondent's instructions and returned her papers to her when the notes were not paid. It was admitted at the trial by appellants' counsel that the material papers remained in escrow and were never delivered to Norswing. In so far as anything brought to our attention on this appeal is concerned the papers placed in escrow by the respondent were never delivered, the conditions upon which they were placed in escrow were not fulfilled, Norswing acquired no title thereto, and the entire claim upon which the appellants rely must fail.

 The appellants further contend that the judgment is against law and is not supported by the evidence since a six-months' notice of default required by the original lease had not expired at the time this action was begun, because the three-day notice required by section 1161 of the Code of Civil Procedure was not given before the original complaint was filed, and for the reason that a notice of default was not given within one year after the rent became due, in accordance with the provisions of subdivision 2 of section 1161 of the Code of Civil Procedure. In other words, although the appellants have repudiated the lease, have claimed that it was cancelled by Norswing and have denied that the respondent had any interest therein, they now contend that the respondent has not complied with its terms and has not complied with the law governing the relationship of landlord and tenant as it existed between the parties.

 It is well settled that the holder of the legal title may maintain ejectment against a tenant who has denied his title and wrongfully attorned to another claimant who has no title to the premises (*Wise* v. *Eveland,* 134 Cal. 617 [66 Pac. 1082]), and that where a tenant denies his landlord's title the denial makes him a trespasser and he is not entitled to notice to quit before the commencement of an action by the landlord to recover possession of the premises. (*Smith* v. *Shaw,* 16 Cal. 88; *Bolton* v. *Landers,* 27 Cal. 104; *Levy* v. *Henderson,* 31 Cal. App. 789 [161 Pac. 1004]; *Wedderien* v. *Wood,* 62 Cal. App. 628 [217 Pac. 577]; *Kelly* v. *Teague,* 63 Cal. 68; *Simpson* v. *Applegate,* 75 Cal. 342 [17

548

Pac. 237]; *Von Glahn* v. *Brennan,* 81 Cal. 261 [22 Pac. 596]; *McCarthy* v. *Brown,* 113 Cal. 15 [45 Pac. 14]; *Abbott* v. *Kellogg,* 18 Cal. App. 429 [123 Pac. 227]; *Norton* v. *Overholtzer,* 63 Cal. App. 388 [218 Pac. 637].)

■ Some contention is made that the court erred in failing to make a finding on the affirmative defense that the plaintiff had divested herself of all right, title and interest in and to the lease and lands herein involved. While such a finding was not made the substance thereof is covered in other findings to the effect that the interest of the original lessor in said lease had been transferred to this respondent, that the appellants had attorned to a stranger to the title, and that since May 29, 1931, they had refused to deal with her as the landlord and lessor.

■ The last point raised is that the judgment is void for uncertainty because it cannot be told therefrom for what period the respondent was entitled to the payment of rents and royalties. The appellants quote the interlocutory judgment which left the amount blank and ordered the matter referred for an accounting. The referee's report was accepted by the court and the amounts are definite in the final judgment. Our attention is called to no respect in which the evidence fails to support the judgment as finally entered. In the absence of any showing of error the usual presumptions apply.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.