# SUPERIOR COURT,

## SPRING SESSIONS,

## 1884.

————•————

Lessee of James H. Windsor *v.* John S. Bacon, tenant in possession.

*Title to land—Ejectment.*

The vendor in a written contract for the sale of land may bid at the Sheriff's sale of the vendee's equity therein without being thereby estopped from claiming title thereto.

An equitable title to land will not maintain an action of ejectment.

*(Sussex, April 17, 1884.)*

Action of Ejectment for an undivided moiety of about thirty two acres of land near Laurel.

The lessee of the plaintiff claimed title by and through a deed from William H. Anderson and wife to William J. Windsor and John S. Bacon, and the sale of said lands, September 2, A. D., 1876, being tract No. 5 of the lands of the said William J. Windsor, to James H. Windsor, the plaintiff, by Eli R. Sharp, late sheriff, under an execution issued on judgment No. 167, October Term, 1865, of James Ponder, for the use of William E. Wolfe, now for the use of John E. Parker vs. William E. Wolfe and William J. Windsor, and a deed for the same from the said sheriff, dated November 13, A. D., 1876.

The evidence on the part of plaintiff was that in 1867 the original owner, William H. Anderson, told one James H. Tyre that he had sold a piece of land to William J. Windsor and John S. Bacon, and employed him to survey it, and to draw up a convey-

ance bond from him to them, for the conveyance of said land, on the payment of the price, fifteen hundred and thirty three dollars and fifty-six cents. The purchase by Windsor and Bacon, and the lease of a portion of the land by them to one Thomas Hearn was proven by William J. Windsor. It was also proven by the plaintiff that William H. Anderson was present at the sale of the lands by the sheriff, and bid for them.

Other witnesses were also called and examined by the counsel for the plaintiff, but their testimony was cumulative merely, and added nothing material to the preceding evidence in his behalf. The record containing the judgment and the execution issued thereon, and the sale and deed thereof by the sheriff to him, was put in evidence by the counsel for the plaintiff.

The defendant claimed title by a deed from William H. Anderson and wife to him the said John S. Bacon, dated the twenty-fifth day of September, A. D. 1877, and recorded in Libro B. P. No. 89, folio 521, in Recorder's office in and for Sussex County.

*Jacob. Moore,* for the plaintiff: This is not a question of legal but possessory title. If there was a contract of purchase and the purchaser was put in possession of the land, and there was no deed from the vendor, the plaintiff is entitled to recover. But this is an estoppel in pais, the vendor having bid for the premises at the Sheriff's sale was estopped by it, and if he was estopped then the defendant, John S. Bacon, is estopped from claiming under the deed afterwards made and delivered to him for the whole of the land by William H. Anderson.

*A. P. Robinson,* for the Defendant, quoted the opinion of Harrington, J., in the case of Hallets lessee vs. Pope and Quills, 3 Harr., 546, and cited 33 Mass., 460.

THE COURT, Comegys, C. J., charged the jury, that if they should be satisfied from the evidence that William H. Anderson who had sold the land in question to William J. Windsor and John S. Bacon, and delivered the possession to them as joint purchasers, had made and delivered a deed to them, then the plaintiff was entitled to recover, but if they should not be so satisfied then the purchasers had but an equitable title to the premises which would not

be sufficient to maintain the action, and the plaintiff would not be entitled to recover. Anderson, the vender, had a right to bid for the premises at the Sheriff's sale if William J. Windsor had but an equitable and not a legal title to the undivided moiety of them without being estopped by so doing.

Verdict for the plaintiff.