[Sac. No. 1909. Department One.—December 13, 1911.]

## H. E. KELLOGG, Appellant, v. H. MALLORY and O. L. ABBOTT, Respondents.

SPECIFIC PERFORMANCE BY VENDEE—TERMINATION OF CONTRACT BY DEFAULT IN PAYMENTS.—A vendee cannot obtain a specific performance of a contract for the sale of land where, by the express provisions of the contract, all of his rights have terminated by reason of his failure to make certain payments at a specified time, and there has been no consent to, waiver of, or acquiescence in such failure by the vendor, or any facts excusing such failure of the vendee, or tending to show equitable ground for his relief.

ID.—PLEADING—WANT OF ALLEGATIONS SHOWING RELATION OF TRUSTEE OR MORTGAGEE.—Upon a review of the allegations of the complaint, it is held to contain no averment showing that the defendant had acquired the legal title to the land embraced within the contract of sale as a trustee for the plaintiff, or that he occupied the relation of mortgagee thereto.

ID.—RELATION OF TRUSTEE OR MORTGAGEE MUST BE ALLEGED.—One who has in fact paid the purchase money for real estate conveyed to him, cannot be held to be the trustee of another on the ground that he so paid it on behalf of another who was the real purchaser, in the absence of allegation that he did pay it for such other person; nor can one holding the legal title to land be held to be only the mortgagee thereof, in the absence of allegation that the legal title has been conveyed to him as security for an indebtedness.

APPEAL from a judgment of the Superior Court of Kings County. John G. Covert, Judge.

The facts are stated in the opinion of the court.

W. R. McQuiddy, and Frank E. Kilpatrick, for Appellant.

O. L. Abbott, for Respondents.

ANGELLOTTI, J.—This is an appeal from a judgment in favor of defendants in an action brought by plaintiff to obtain specific performance of a contract between himself and defendant Mallory relative to certain land in Kings County, California.

The appeal was taken nearly six months after the entry of judgment, and more than four months after the statement on appeal was settled. It is admitted by plaintiff, in accord with the claim of defendants, that the appeal was taken too late to allow a review by this court of any exception to the decision of the trial court on the ground that it is not supported by the evidence. Such findings of the trial court as are responsive to the issues made by the pleadings are, therefore, conclusive upon us.

Considering the action as one for the specific enforcement of a contract for the sale of certain land by Mallory to plaintiff, which was apparently the theory of the framers of the complaint, we are satisfied that the judgment is fully supported by the pleadings and the findings on such issues as were made thereby. Substantially, the facts thus established are as follows: On December 3, 1906, Mallory and plaintiff entered into a written agreement whereby Mallory agreed to sell and convey the property to plaintiff for $1659.03, $211.63 thereof being paid in cash, and the remaining $1447.40 being payable in yearly installments on October 1st of each year to and including the year 1914, all of said deferred payments being evidenced by promissory notes of the same date, bearing interest at the rate of eight per cent per annum, payable annually. By the terms of said agreement plaintiff was entitled to the possession of the property. It was provided in such agreement as follows:

"It is understood and agreed that time is of the essence of this agreement and in each and every one of the terms, conditions and provisions hereof, and that the terms hereof shall bind the heirs, successors and assigns of the parties hereto.

"It is understood and agreed that if at any time the second party shall be in default in the performance of any of the terms, covenants and provisions of this agreement that all of his rights hereunder shall be forfeited and at an end, . . . and all payments made under this agreement shall be deemed full compensation for the use, rent and occupation of said land during the time the second party shall have remained in possession thereof under this agreement; provided, that whenever the second party shall be in default in any of the terms and conditions of this agreement, if allowed to remain upon said premises by the first party he shall hold and occupy the same as the tenant of the first party subject to the right of the first party to demand and receive immediate possession thereof from the second party as such tenant."

Plaintiff neglected and refused to pay to Mallory the sum of $177.17 due on October 1, 1909, evidenced by promissory note maturing that day, and also neglected and refused to pay $51.27 interest due on that day on that and five remaining installments evidenced by notes maturing respectively on October 1st of the years 1910 to 1914, both inclusive, and defendant did not consent to nor acquiesce in such neglect and refusal. So far as the complaint shows, it was not until November 29, 1909, that plaintiff notified Mallory that he was desirous of paying any additional money on the contract, and on that date he notified him in writing that he would pay all amounts remaining due on December 8, 1909, at a specified place, but Mallory, who in the mean time had transferred his interest in said land to defendant Abbott, never consented to receive the same or in any way waived the default of plaintiff in the matter of the payments due October 1, 1909. Nothing is alleged in the complaint tending to excuse the failure of plaintiff to comply with the contract in the matter of such payments, or tending to show any equitable grounds for relieving him from the effect of such failure, or tending to show any reason why Mallory should be held to have consented to delay in the matter of payments or estopped to claim that the contract was terminated by such failure. These are the material facts established by the pleadings and certain findings within the issues. Plaintiff's claim as to what the evidence introduced on the trial showed in this behalf cannot be considered on this appeal in view of the fact that the appeal was taken too late

to allow us to consider the question of the sufficiency of the evidence to support the findings. We know of no rule of law that would authorize a court to enforce against the vendor a contract for the sale of real estate where, by the express pro· visions of the contract, all of the rights of the vendee have terminated by reason of his failure to make certain payments at a specified time, and there has been no consent to, waiver of, or acquiescence in such failure by the vendor, or any pretense of facts excusing such failure of the vendee or tending to show equitable ground for his relief. Under its express provisions, the contract of sale is terminated. Such is the case before us, as shown by the pleadings and findings.

Plaintiff claims in his briefs presented on this appeal that facts alleged in the complaint and admitted by the answer show that the relation between him and Mallory was in reality not that of mere vendor and vendee under a contract for the sale of real estate. It was alleged in the complaint that on December 3, 1906, plaintiff was indebted to Mallory in the sum of about $438.13 for money had and received by him to make the first payment on account of a proposed purchase of these lands from The Laguna Lands, a corporation, the owner thereof, which said lands "plaintiff then desired and was about to purchase"; that said corporation, on December 3, 1906, at plaintiff's request, entered into a contract whereby it agreed to sell such lands to Mallory, for $1220.85, payable $305.21 in cash and $915.64 in annual installments on October 1st of each. of the years 1907 to and including 1914, with interest at the rate of eight per cent per annum; that on the same day, plaintiff and Mallory entered into the contract of sale hereinbefore described; and that the full consideration specified therein, $1659.03, was the aggregate amount of the sum agreed to be paid by Mallory to The Laguna Lands for the land, and the sum of $438.13 owed by plaintiff to Mallory. It was not alleged that such $438.13 so received by plaintiff from Mallory had been paid by him to The Laguna Lands on account of the purchase price of such land, or that the full price of the land so far as the owner was concerned, was more than the amount stated in the contract with Mallory, viz., $1220.85. Upon these allegations alone, it is now claimed that the transaction be· tween plaintiff and Mallory was simply one by which Mallory was to take the agreement from the owner as security for the

payment to him by plaintiff of the purchase price, which he
was to advance to the owner for the plaintiff, and that in
accord with the doctrine of such cases as *Campbell* v. *Free-
man,* 99 Cal. 546, [34 Pac. 113], plaintiff was the real pur-
chaser, and Mallory occupied the relation to him of trustee
of the legal title and mortgagee for such money as might be
advanced by him for its purchase and for the additional in-
debtedness referred to. It may be conceded that the facts so
alleged would afford strong grounds for a conclusion by a
court sustaining allegations of a complaint declaring some un-
derstanding between Mallory and plaintiff by which Mallory
was to advance the purchase money for plaintiff and take the
title to the land as security. But the difficulty with plaintiff's
claim in this behalf is that there is nothing in the nature of
such an allegation. We have stated all the allegations that
bear upon this matter. While not inconsistent with the pres-
ent claim of plaintiff that Mallory was to pay the purchase
price to the owner *for plaintiff,* and take the title in his own
name as security, they are likewise not necessarily inconsistent
with the theory that there was no such understanding between
Mallory and plaintiff, and that the two contracts, that between
the owner and Mallory and that between Mallory and plaintiff,
were entirely separate and distinct transactions, in the former
of which plaintiff had no interest whatever, and there is no
allegation or pretense of allegation of the ultimate fact of such
an understanding as is, under these circumstances, essential to
a maintenance of plaintiff's claim. So far as appears from the
complaint, the two contracts were absolutely separate and dis-
tinct, and Mallory's arrangement with plaintiff was simply one
for the *sale* to him of certain real property. We are aware of no
case in which one who has in fact paid the purchase money for
real estate conveyed to him has been held to be the trustee of
another on the ground that he so paid it on behalf of another
who was the real purchaser, in the absence of allegation that he
did pay it for such other person, or where one holding the legal
title to land has been held to be only the mortgagee thereof in
the absence of allegation that the legal title has been conveyed
to him as scurity for an indebtedness. It seems clear that the
complaint before us presented no such case as is now urged,
but that it was solely a complaint for the specific performance
of a contract between Mallory and plaintiff for the *sale* of

real estate by Mallory to plaintiff.  This was doubtless the theory of the judge of the trial court.

The judgment is affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.