**GRACELAWN MEMORIAL PARK, INC., a Delaware corporation, Plaintiff,**

v.

**EASTERN MEMORIAL CONSULTANTS, INC., a Delaware corporation, and Robert T. Nuckolls, Defendants.**

Court of Chancery of Delaware, New Castle County.

July 12, 1971.

---

H. James Conaway, Jr., and Jack B. Jacobs, of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff.

Richard L. Sutton, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendants.

MARVEL, Vice Chancellor:

Plaintiff, which owns and operates a private cemetery in this county, seeks a declaratory judgment holding that the defendants Eastern Memorial Consultants, Inc. and Robert T. Nuckolls, Eastern's president and sole stockholder, are contractually bound to perform services for plaintiff in connection with the sale of the latter's cemetery lots, mausoleums, grave markers and the like, over and above those undertakings contracted for in a May 1, 1967 written agreement setting forth the parties' mutual rights and obligations in regards to plaintiff's hiring of the corporate defendant as a sales agent for plaintiff.

The plaintiff argues, in effect, that the May 1, 1967 written undertaking of the corporate defendant to carry out " * * * an effective performance * * *" of its exclusive sales agency and to conduct itself " * * * in a business-like and ethical manner * * *" requires it to do more than the contract calls for. Plaintiff therefore asks that the judgment prayed for require the defendant Robert T. Nuckolls to exert his best efforts on behalf of plaintiff, to devote full time (at least five

days a week) to his work for such corporation despite the fact that provisions to such effect are not found in the parties' written contract.

The relief thus sought is accordingly in the nature of reformation, a form of relief which calls for strong and convincing evidence in order for it to be granted. In the event reformation is not granted by the Court, plaintiff asks, in the alternative, that the Court rescind the written contract of the parties for lack of mutuality.

For four years prior to the signing of the May 1, 1967 contract between the parties Robert T. Nuckolls was in charge of selling cemetery lots, mausoleums, markers, and the like for Gracelawn as its employee. He evidently performed his job to plaintiff's satisfaction, and on May 1, 1967, after negotiations with Gracelawn, Mr. Nuckolls as president of Eastern Memorial Consultants, Inc., a corporation organized to contract with plaintiff, and in which Mr. Nuckolls holds all of the issued and outstanding stock, caused such corporation to enter into a written contract with Gracelawn under the terms of which it was in effect mutually agreed that acting through Eastern Mr. Nuckolls would continue to sell cemetery facilities on behalf of Gracelawn as an independent agent rather than as its employee. In other words, such contract made Eastern the exclusive agent to sell "pre-need"[1] cemetery facilities offered by Gracelawn, thus performing the same type of selling activities which Mr. Nuckolls had rendered while an employee of Gracelawn. Such contract by its terms was to run for a term of one year but was made renewable at Eastern's option so long as a stipulated minimum volume of sales was maintained. However, the contract was made terminable by Gracelawn in the event that Mr. Nuckolls should happen to hold less than a majority of the stock of Eastern as well as in the event of certain other happenings, none of which is perti-

nent here. The contract further provided that the minimum sales called for in it were subject to being lowered by arbitration in the event of strike, depression, or any other unforeseeable situation, if a mutual agreement by the parties cannot be reached.

It is argued by Gracelawn that it was understood by the parties at and prior to the execution of the May 1, 1967 written contract here involved that a duty lay on Mr. Nuckolls not only to devote his best efforts to the sales job about to be undertaken by his corporation but as well to furnish fulltime services, such alleged undertakings on Mr. Nuckolls' part being, it is claimed, the essence of the written contract here in issue, it being allegedly understood that he was to devote the same time to the job as an independent sales agent as he had while serving as an employee.

It is conceded that the minimum sales quota called for in the written contract, totalling $200,000, has been met by Mr. Nuckolls working through the corporation, and it is not claimed that any other provision of the contract having to do with cancellation has been breached. It is accordingly argued by the defendants that the parol evidence rule prohibits the admission of any oral evidence designed to vary express provisions of the written contract which had been formally entered into between the parties. Defendants have accordingly moved to dismiss the complaint and this is the decision of the Court on such motion.

Plaintiff's argument basically comes down to a contention that specified terms, which the plaintiff believes were mutually intended to be included in the written contract here in issue, were not so included, and that such terms having been agreed on, they must be considered now in order that the Court may arrive at the essence of the entire agreement between the parties. Thus, what plaintiff actually

---

1. The term "pre-need sales" is used in the cemetery business to refer to sales of lots, mausoleums, markers and the like as well as other such ultimately needed goods and services prior to the death of those finally requiring such facilities.

seeks is reformation. However, in order to establish a right to reformation of a contract, it must be demonstrated that the parties to the contract in question had orally agreed to contractual terms at variance with those set down in writing inasmuch as a court may not make a new contract for the parties, Hessler, Inc. v. Ellis, 39 Del.Ch. 517, 167 A.2d 848, and Colvocoresses v. W. S. Wasserman Co., 26 Del.Ch. 333, 28 A.2d 588. And it is well established that where parties have entered into a written contract with knowledge of the express terms thereof, reformation will not be granted unless it can be demonstrated that the party seeking such form of relief acted under the influence of fraud or under a misapprehension resulting from mutual mistake, Arcturus Radio Tube Co. v. Radio Corporation of America, 20 Del.Ch. 376, 177 A. 899. The present complaint merely alleges that through inadvertence the written contract was not drafted so as to express the precise obligation of Nuckolls " * * * to exert his best efforts personally and to devote personally at least five full normal business days per week to the affairs of Gracelawn * * *".

In order to gain reformation, the party seeking such form of relief must plead with particularity the ingredients on which it is based, namely mutual mistake or fraud, Rule 9(b). The complaint here clearly does not meet the requirements of such rule. Furthermore, there is no allegation that the parties' agreement, as written, was subsequently altered by inconsistent oral modifications. Finally, I discern no lack of mutuality in the parties' written contractual undertakings.

In the light of the above, the Court will not consider at this time the motion to dismiss the action against Robert T. Nuckolls individually. The motion to dismiss the entire action will be granted with leave to the plaintiff to move to amend his complaint so as to state a cause of action.