**Thomas E. BURRIS and Betty Ann Burris, his wife, Plaintiffs Below, Appellants,**

**v.**

**WILMINGTON TRUST COMPANY, Executor Under Will of Charles L. Harmonson, Deceased, Defendant Below, Appellee.**

Supreme Court of Delaware.

Dec. 27, 1972.

Theophilus R. Nix, Wilmington, for the Burrises.

Ernest V. Keith, Dover, for the Sampsons.

Nicholas H. Rodriguez, of Schmittinger & Rodriguez, Dover, for the Careys.

Henry R. Horsey, of Morris, James, Hitchens & Williams, Dover, for Wilmington Trust Co.

Merrill C. Trader, Dover, for Myrtle Gibbs.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, Justices sitting.

WOLCOTT, Chief Justice:

This is an appeal from the Court of Chancery's entry of summary judgment against appellants (hereinafter plaintiffs) in two actions brought by them, and the dismissal of two other actions also brought by them.

In 1965, Charles Harmonson (now deceased) entered into a written contract to convey eight acres of land, more or less, to plaintiffs. The agreement of sale described the property as follows:

"All that certain piece or parcel of land and premises situated in Little Creek Hundred, Kent County and State of Delaware, on the northerly side of the public road leading easterly from the highway between the Towns of Leipsic and Little Creek,. said public road locally being known as the 'Squaggin Road', adjoining lands formerly of John W. Fenimore but later of Sarah Carey, lands now or formerly of Alfred Handy, formerly of Rebecca Handy and lands of others and containing about eight (8) acres of land, however be the same more or less, * * * being the same lands and premises conveyed unto Charles L. Harmonson by deed of The Kent County Building and Loan Association, a corporation of the State of Delaware, bearing date and of record in the office of the Recorder of Deeds, in and for Kent County, in Deed Record ——, Vol. ——, Page ——."

The plaintiffs, in accordance with the agreement of sale, made full payment to Harmonson in 1969. Harmonson, in turn, tendered a deed in conformity with the agreement of sale to plaintiffs, which the plaintiffs refused.

The plaintiffs refused the deed because of alleged oral representations made by Harmonson as to the boundaries of the property. According to a survey made by plaintiffs, these boundaries would entitle them to over 12 acres, rather than the 8 acres called for in the agreement of sale.

Harmonson refused to execute a deed in conformance with the alleged oral description. Plaintiffs brought several actions against Harmonson * for specific performance of the contract of sale, and to compel him to eject those persons occupying portions of the 12 acres.

The Court below found that all but two of these persons occupy portions of the land included in the 12-acre parcel but not included in the 8-acre parcel. With respect to two, the Court below found that the land occupied by them may be within the boundaries of the 8-acre parcel.

Plaintiffs also brought actions against all but two of these persons. Summary

---

* Harmonson subsequently died and the Wilmington Trust Company, executor under his will, was substituted as the defendant.

judgment was entered for the defendants in these actions.

Plaintiffs also brought an action against the remaining two individuals, seeking to eject them from the property. This action was dismissed by the Court of Chancery on the ground that it was without jurisdiction.

The plaintiffs' action for specific performance seeks to compel Harmonson to convey 12 acres pursuant to the agreement of sale, which specifically called for the conveyance of an 8-acre parcel. Consequently, the action is essentially one for reformation.

■ It is well established that mutual mistake or unilateral mistake accompanied by fraud is needed to support a bill for reformation. Gracelawn Memorial Park, Inc. v. Eastern Memorial Consultants, Inc., Del.Ch., 280 A.2d 745 (1971), aff'd per curiam, Del.Supr., 291 A.2d 276 (1972); Pomeroy, Equity Jurisprudence § 1376 (5th Ed. 1941). The Court below found that no fraud or mutual mistake existed, nor, we note, were they averred in the complaint as required by Chancery Court Rule 9. Therefore, the Court of Chancery properly concluded that reformation is inappropriate here.

The plaintiffs further sought to compel Harmonson to maintain ejectment actions against certain occupants of the parcel. The Court below denied the relief, noting that the plaintiffs cited no authority supporting their claim, and that it could find no such authority. Plaintiffs now advance the theory that the agreement of sale created a trust of which the defendant is trustee for the benefit of the plaintiffs. As such, the plaintiffs argue, Harmonson is bound to maintain an ejectment action on behalf of the beneficiary-plaintiffs.

■■ This theory is without merit. It is generally held that a contract to convey land does not create a trust relationship. Restatement of Trusts (Second) § 13; 6 Bogert, Trusts and Trustees § 18 (2d ed. 1965); Kellogg v. Malloy, 161 Cal. 526, 119 P. 937 (1912). Accordingly, plaintiffs cannot succeed on a theory based on a trust relationship.

■ Finally, plaintiffs seek to maintain an ejectment action on their own behalf against certain defendants occupying the parcel. This action must also fail.

Plaintiffs' only interest in the land is that bestowed upon them by the agreement of sale. Thus, they have only an equitable interest. However, mere equitable title will not support an action for ejectment. Windsor v. Bacon, Del.Super., 12 Del. 1, 30 A. 638 (1884); Fussell v. Gregg, 113 U.S. 550, 5 S.Ct. 631, 28 L.Ed. 993 (1885). Since plaintiffs lacked the requisite legal title, the Court of Chancery properly dismissed their action for ejectment.

■ In addition, we note the absence of the Court of Chancery's jurisdiction to entertain the ejectment actions. Plaintiffs in the case at bar can acquire legal title and therefore have an adequate remedy at law. 10 Del.C. §§ 6701, 6702. We do not feel that any of the ejectment actions are sufficiently ancillary to the action for specific performance so as to bring them within the jurisdiction of the Court of Chancery; the ejectment actions were in effect directed at strangers to the action for specific performance.

For the aforementioned reasons, the decisions of the Court of Chancery will be affirmed.